RONALD A. CASSESSO *vs.* COMMISSIONER OF CORRECTION
(and a companion case[1]).

Suffolk. March 10, 1983. — November 10, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Imprisonment. Practice, Civil,* Summary judgment. *Due Process of Law,* Prison disciplinary proceeding.

A State prison disciplinary board's treatment of information furnished to prison authorities by a State police officer as "informant information," to be heard outside the presence of two inmates accused of misconduct within the institution, even if mistaken, did not infringe any State-created liberty interest protected by Federal due process guarantees, where the only punitive sanction imposed upon the inmates was confinement in isolation. [423-424]

CIVIL ACTIONS commenced in the Superior Court Department on April 6, 1981, and April 13, 1981, respectively.

The cases were heard by *Steele,* J., on motions for summary judgment.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Robert Erwin Silver* for Francis Soffen.

*John A. Baccari* for Ronald A. Cassesso.

*Martin E. Levin,* Assistant Attorney General *(Michael W. Dingle,* Assistant Attorney General, with him) for the defendant.

---

[1] Francis Soffen *vs.* Commissioner of Correction was consolidated with the instant case by a single justice of the Appeals Court for purposes of appeal.

Three other cases decided today involve disciplinary regulations. They are *Nelson* v. *Commissioner of Correction, ante* 379 (1983), *Real* v. *Superintendent, Mass. Correctional Inst., Walpole, ante* 399 (1983), and *Lamoureux* v. *Superintendent, Mass. Correctional Inst., Walpole, ante* 409 (1983).

LIACOS, J.   These cases are before us on an appeal by the plaintiffs, Ronald A. Cassesso and Francis Soffen, from orders by a judge of the Superior Court in Suffolk County, granting summary judgment to each defendant pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974). The plaintiffs commenced civil actions, each seeking injunctive and declaratory relief with respect to the constitutionality of the procedures followed in the State prison disciplinary hearings pending against them. See G. L. c. 231A, § 2; Mass. R. Civ. P. 57, 365 Mass. 826 (1974). The plaintiffs contend that the trial judge erred in allowing the defendant's motions for summary judgment because there were genuine issues raised as to whether the plaintiffs were entitled to declaratory relief and whether the disciplinary board had improperly heard noninformant information of a State trooper out of the presence of the accused. We conclude that the trial judge was correct in granting summary judgment.

The facts are as follows. The plaintiffs are inmates lawfully committed to the custody and care of the Department of Correction.[2]   The disciplinary actions in question were commenced on February 9, 1981, when the superintendent of N.E.C.C., Robert Walsh, received an unexpected telephone call from State police Trooper Stuart Sterling. Trooper Sterling directed Superintendent Walsh to a particular informant. Based on certain action taken by Walsh, information was received from the inmate informant and, based on this information, Walsh issued the disciplinary reports against the plaintiffs, charging them each with major institutional misconduct. The individual reports stated that Cassesso and Soffen were "involved in a burglary operation that was based out of the Northeastern

---

[2] Cassesso is serving a life sentence for a conviction of murder in the first degree. Soffen is serving concurrent life sentences. The convictions for which Soffen was sentenced do not appear from the record. Both had been sentenced originally to the Massachusetts Correctional Institution at Walpole (M.C.I., Walpole), but, in accordance with applicable classification procedures, had eventually been transferred to the Northeastern Correctional Center at Concord (N.E.C.C.).

Correctional Center." On February 10, 1981, the plaintiffs were separately and individually transferred from the N.E.C.C., a minimum security institution, to M.C.I., Walpole, a maximum security institution. Superintendent Walsh continued to have conversations with Trooper Sterling concerning the alleged burglary operation which was the subject of an ongoing State police investigation. During these conversations, Trooper Sterling related to Superintendent Walsh his personal observations and information about the investigation, which he had acquired in the course of his official duties as a State police officer.

Both disciplinary hearings were held on April 28, 1981; the same witnesses were called at both hearings; both plaintiffs pleaded not guilty; and the same individuals served as members of the disciplinary board for both hearings. Cassesso's hearing was held before Soffen's hearing.

During Cassesso's hearing, the plaintiff and his counsel were asked to leave the room while the board considered testimony from Superintendent Walsh relating to informant information, pursuant to 103 Code Mass. Regs. § 430.15 (1978). Superintendent Walsh testified ex parte on the information he had received from the inmate informant and on the information received from Trooper Sterling. The chairman of the board considered Trooper Sterling to be an informant within 103 Code Mass. Regs. § 430.15 (1978). During Cassesso's hearing, the chairman made a telephone call to Trooper Sterling to verify Superintendent Walsh's testimony. The information received in Cassesso's hearing was considered as evidence in the Soffen hearing.[3] None of the ex parte testimony by Superintendent Walsh regarding Trooper Sterling or the inmate informant was disclosed to either Soffen or Cassesso.

---

[3] Soffen contends that he was deprived of his right to an impartial hearing by the reliance of the board on testimony received in another hearing. See *Wolff* v. *McDonnell*, 418 U.S. 539, 564 (1974). See also *Nelson, supra* at 388-390. But cf. *Baxter* v. *Palmigiano*, 425 U.S. 308, 315 (1976). We do not address this contention because we dispose of the case on other grounds.

Cassesso then called inmate George Goodwin. Goodwin claimed that he was the confidential informant relied upon by Superintendent Walsh, and he repudiated or retracted his earlier statement to prison officials. The board did not cross-examine Goodwin.

The board found both Cassesso and Soffen guilty of violating 103 Code Mass. Regs. § 430.22(30) (1978), violation by an inmate of any law of the Commonwealth. Each plaintiff was given a sanction of fifteen days in isolation and was recommended for reclassification to a maximum security institution.[4] Pursuant to departmental regulations, both plaintiffs sought review by the Commissioner of Correction of the board's guilty findings. The Commissioner agreed with the board's findings, but reduced isolation time to ten days.

Summary judgment is a "device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved." *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550, 553 (1976), quoting 3 W.W. Barron & A. Holtzoff, Federal Practice and Procedure (Rules ed.) § 1231, at 96 (Wright rev. ed. 1958). The motion for summary judgment is in order "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). See *Jones* v. *Wayland,* 380 Mass. 110, 114 n.7 (1980); *Noyes* v. *Quincy Mut. Fire Ins. Co.,* 7 Mass. App. Ct. 723, 725-726 (1979).

The chairman of the disciplinary board had testified at the hearing on the motion that he considered Trooper Sterling an informant. Superintendent Walsh testified that he had presented ex parte Trooper Sterling's information. The plaintiffs contend that the use of a State trooper's informa-

---

[4] Neither plaintiff claims to have forfeited any good time credits or to be currently in separate confinement as a direct consequence of the disciplinary hearing.

tion as informant information was error, and that the judge erred in allowing summary judgment for the defendant.

The trial judge did not articulate the basis of his decision. It is possible that he may have concluded that a State trooper is a person to whom the informant privilege attaches. Whether this decision is legally sound is not necessary for us to decide.[5]

Even if we assume that the trial judge erroneously accorded the State trooper the informant privilege, or erroneously concluded that declaratory relief was inappropriate, it does not necessitate that we overturn the grant of summary judgment. To deny a motion by an opposing party for summary judgment, a trial judge must conclude that the plaintiff stated a claim on which relief can be granted as matter of law. See Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974). An analysis of a claim of Federal due process deprivation must begin with the inquiry whether an assumedly flawed disciplinary hearing infringed upon or implicated a liberty interest of the plaintiffs. See *Nelson* v. *Commissioner of Correction, ante* 379, 388-389 (1983). Cf. *McDonald* v. *Hall,* 610 F.2d 16, 18, 19 (1st Cir. 1979). "While no State may 'deprive any person of life, liberty, or property, with-

---

[5] We have cited with approval the opinion of the Appeals Court in *Commonwealth* v. *Martin,* 6 Mass. App. Ct. 624, 628 (1978), in which the Appeals Court adopted the definition of an informant articulated by the Fifth Circuit Court of Appeals in *Gordon* v. *United States,* 438 F.2d 858, 875 (5th Cir.), cert. denied, 404 U.S. 828 (1971). See *Commonwealth* v. *Bowden,* 379 Mass. 472, 477 (1980). See also *In re Post,* 469 F.2d 25, 26 (1st Cir. 1974). "Generally speaking, therefore, an informer is an undisclosed person who confidentially volunteers material information of violations of the law *to officers* charged with enforcement of that law. As we understand the term, persons who . . . give information as witnesses during the course of an investigation, are not informers" (emphasis added). *Gordon* v. *United States, supra.* See *In re Post, supra.* See generally Donnelly, Judicial Control of Informants, Spies, Stool Pigeons, and Agent Provocateurs, 60 Yale L.J. 1091, 1092 (1951).

The plaintiffs also point to several jurisdictions which have determined that a law enforcement officer cannot be an informant. See, e.g., *United States* v. *LaFond,* 482 F. Supp. 1379, 1382-1384 (E.D. Wis. 1980); *Davenport* v. *District of Columbia,* 65 A.2d 209, 211 (D.C. App. 1949); *Wood* v. *Breier,* 54 F.R.D. 7 (E.D. Wis. 1972).

out due process of law,' it is well settled that only a limited range of interests fall within this provision. Liberty interests protected by the Fourteenth Amendment may arise from two sources — the Due Process Clause itself and the laws of the States." *Hewitt* v. *Helms*, 459 U.S. 460, 466 (1983), quoting *Meachum* v. *Fano*, 427 U.S. 215, 223-227 (1976).

The plaintiffs have not argued that they suffered a loss of liberty arising under the United States Constitution.[6] Furthermore, they have not claimed that the disciplinary board caused them to forfeit any good time credits or any other State-created liberty interest. See *Nelson, supra; Real* v. *Superintendent, Mass. Correctional Inst., Walpole, ante* 399 (1983). Where the plaintiffs have not stated any liberty interest jeopardized by a flaw in a disciplinary proceeding, the trial judge could have concluded correctly as matter of law that the plaintiffs had not presented any Federal constitutional deprivation. The trial judge properly could have disposed of the plaintiffs' claim as provided in rule 56 for failure to state a claim on which relief could be granted. See Mass. R. Civ. P. 12 (b).

We cannot say in these circumstances that the allowance of the defendant's motions for summary judgments was wrong.

*Judgments affirmed.*

---

[6] The United States Supreme Court has rejected "the notion that *any* grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause" (emphasis in original). *Meachum* v. *Fano*, 427 U.S. 215, 224 (1976). Therefore, a flaw in the disciplinary proceedings alone is not sufficient to invoke Federal protection unless it can be shown that the plaintiffs had a State-created liberty interest in the disciplinary hearings. The plaintiffs have not argued that the mandatory language of the regulations setting forth the procedures governing disciplinary hearings creates a State liberty interest. Cf. *Hewitt* v. *Helms, supra* at 471-472. Therefore, we do not reach the issue in this opinion.