Graham, J.
BACKGROUND
This action is before the court on the motion of the defendants, George Vose, et al (Department of Corrections) for summary judgment pursuant to Mass.R.Civ.P. 56(c). The plaintiff, Gerald Ruta (Ruta), is an inmate currently incarcerated at the Old Colony Correctional Center in Bridgewater, Massachusetts. Ruta’s complaint consists of eight counts and seeks injunctive and declaratory relief as well as damages for use of excessive force, denial of medical treatment, wrongful placement on awaiting action status, and wrongful confinement in segregation. As a preliminary matter, the pro se plaintiff challenges two separate Department of Corrections disciplinary proceedings concerning Disciplinary Report 90-1920 (DR 90-1920) and Disciplinary Report 90-1735 (DR 90-1735). Yet, the plaintiff has combined these two separate proceedings in both Counts VI and VIII. As such, the court has split Count VI and VIII where the Count refers to DR 90-1920 into Count VI(a) and Count VIII(a). The court has also split Count VI and Count VIII where the Count refers to DR 90-1735 into Count VI(b) and Count VIII(b).
For the reasons set forth below, summary judgment is granted in favor of Gerald Ruta on Count VI(a) and VIII(a). Summary judgment is granted in favor of the Department of Corrections on all remaining Counts of the Complaint.
FACTS
This dispute arises from two incidents involving Gerald Ruta, while an inmate at MCI Cedar Junction. Allegedly, on May 4, 1990, Ruta was observed acting erratically in the prison yard. When confronted and ordered to go to the Health Services Unit, Ruta allegedly became belligerent and abusive. Ruta’s alleged abusive behavior triggered a larger disturbance involving several inmates. Ruta was examined by medical staff and detained in the Health Services Unit. Ruta allegedly refused to give Health Services personnel a urine sample. This incident eventually resulted in the filing of DR 90-1920. Later that day, Ruta again allegedly became abusive when he threw a food tray at a corrections officer (Officer Hines). This incident resulted in the filing of DR 90-1735. On May 7, 1990, Ruta was placed on awaiting action/pending investigation status at MCI Cedar Junction.
On May 8, 1990, Ruta appeared before a Disciplinary Board to hear charges filed pursuant to DR 90-1735. At the hearing, the Board reviewed the Disciplinary Report (D-Report) filed by Officer Hines. Officer Hines did not appear in person to testify at the Hearing. Ruta testified and contradicted the content of the D-Report. The D-Report was the only evidence presented against Ruta. The Board found Ruta guilty and sanctioned him with 30 days isolation.
*308 On June 1, 1990, Ruta appeared before a Disciplinary Board to hear charges filed pursuant to DR 90-1920. The D-Report concerning this incident was issued by Officer Marsolais after an investigation into the May 4 disturbance involving Ruta. The D-Report states that “[U]pon completion of an investigation into a disturbance which transpired on May 4, 1990,1 have determined that the following chain of events did occur.” Officer Marsolais was not an eyewitness to the events of May 4, and apparently drew his conclusions from discussions with individuals who were present. Further, Officer Marsolais does not specify exactly who he spoke to and what was said. The Board found Ruta guilty and sanctioned him with thirty days in isolation. On June 13, 1990, plaintiffs appeal was denied.
On June 19, 1990, Superintendent Rakiey requested that the plaintiff be reviewed for possible placement in the Departmental Segregation Unit (DSU) at MCI Norfolk. On July 29, 1990, this request was approved. The plaintiff was classified to DSU until May 4, 1991. This decision was later modified to a conditional release date of February 1991. The plaintiff was released from DSU to the general population at MCI-Norfolk on March 25, 1991.
STANDARD FOR SUMMARY JUDGMENT
Summary judgment is a “device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” See Cassesso v. Commissioner of Correction, 390 Mass. 419, 423 (1984); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). Summary judgment shall be rendered forthwith only if the pleadings, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Anthony’s Pier Four v. Crandall Dry Dock Engineers, 396 Mass. 818, 822 (1987). “[W]hen a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations of denial of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.” Madsen v. Erwin, 395 Mass. 715, 719 (1985).
After reviewing the materials presented in the light most favorable to the non-moving party, I conclude that there is no genuine issue as to the material facts and that this controversy is ripe for summary judgment. Cassesso, 390 Mass. 419, 422 (1984).
DISCUSSION Count I
The first Count of Ruta’s complaint alleges that the Department of Corrections assaulted him without provocation and denied him medical treatment after the beating. Allegedly, these acts occurred on May 4, 1990, when Corrections Officers at MCI Cedar Junction attempted to force an apparently intoxicated Ruta into the Health Services Unit. Ruta contends that he was placed in a choke hold until he lost consciousness and then was beaten, handcuffed and dragged into the Health Services Unit. Ruta then alleges that he requested, but was denied, medical assistance for his extensive injuries.
The court finds that Ruta has failed to provide specific facts to support these serious allegations. To the contrary, the Department of Corrections has presented evidence that demonstrates that Ruta was not physically assaulted and was provided with immediate medical attention due to his intoxicated state. Most compelling, however, is that Ruta himself, while arguing before the court in opposition to the summary judgment motion of the Department of Corrections, admitted that he was not beaten, nor did he lose unconsciousness, but was only “roughed up” by the Corrections Officers. Ruta’s complaint as to Count I is without merit and summary judgment is granted in favor of the Department of Corrections.
Count II
Count II of Ruta’s Complaint is also without merit. Ruta alleges that his constitutional rights were violated when he was placed on awaiting action status in his cell following the complained-of incidents. However, 103 C.M.R. §430.21 provides that “an inmate who is under investigation for a possible disciplinary offense or who has been charged with or found guilty of a disciplinary offense, may be placed on awaiting action status.” Furthermore, Ruta received notice on May 4, 1990, that he had been placed on awaiting action status. Finally, Ruta’s case was reviewed on a weekly basis up through August 3, 1990, when Ruta was transferred to the Departmental Segregation Unit at MCI Norfolk. Ruta has failed to set forth facts establishing that there is a genuine issue for trial on Count II. Therefore, summary judgment is granted in favor of the Department of Corrections.
Count III
Count III is not artfully pled but seems to object to the disciplinary hearing regarding DR 90-1920. Ruta’s complaint concerns the manner in which the disciplinary hearing was conducted. This objection is repeated in Count VI and the merits of this complaint are discussed infra at length. Because this Count is repetitive of the issues discussed in Count VI, summary judgment as to Count III is granted in favor of the Department of Corrections.
Count IV
Count IV of Ruta’s Complaint alleges that the Department of Corrections unconstitutionally stacked redundant offenses against him. The court finds that Ruta has failed to provide specific facts to support these allegations. To the contrary, for his behavior in the prison yard (DR-1920), Ruta was found guilty of *309 a) disruption or interference with the security of the institution, b) use of an unauthorized substance, c) refusal to provide a urine sample. For his behavior in the cafeteria (DR-1735), Ruta was found guilty of a) disruption or interference with the security of the institution, and b) assaulting another person. The court finds that these offenses are separate and distinct from one another and are not redundant. Summary judgment on Count IV is granted in favor of the Department of Corrections.
CountV
Count V of Ruta’s Complaint alleges that the Department of Corrections unconstitutionally denied his request that all documentary evidence, including incident and investigation reports, were to be presented at his disciplinary hearings. The Department of Corrections, however, asserts that the decisions concerning DR-1735 were made solely upon a review of Officer Hines’s D-Report. Further, the decisions concerning DR-1920 were made solely upon review of Officer Marsolais’s D-Report and the live testimony of Officer Marsolais. Ruta admits that he received a copy of DR-1735 and DR-1920 well before the disciplinary hearings. As such, Ruta was not denied access to any documents upon which the Board made their determination. Ruta fails to specify facts that would indicate that the Board’s decisions were made with reference to any other documents. Therefore, summary judgment as to Count V of Ruta’s Complaint is granted in favor of the Department of Corrections.
Count Via
Count Via of Ruta’s Complaint alleges that the Department of Corrections violated his constitutional rights because the finding of guiliy on DR-1920 was based upon insufficient evidence. DR 90-1920 concerned the alleged intoxication of Ruta while in the prison yard and his subsequent abusive behavior while being escorted to the Health Services Unit. The author of DR-1920 was Officer Marsolais. The report begins: “Upon completion of an investigation into a disturbance which transpired on May 4, 1990,1 have determined that the following chain of events did occur.” Officer Marsolais was not an eyewitness to the incident. His conclusions apparently were made as a result of his investigation into the incident and after discussions with individuals who were at the scene. However, the D-Report makes no reference to any specific individuals who Officer Marsolais spoke to, nor does it make any reference to the content of any discussions. The D-Report simply states that “I have concluded that the following events did occur." The Department of Corrections admits that the decision of the Board was based solely upon DR-1920 and the testimony of Officer Marsolais. An appropriate analysis of this Count requires a brief review of applicable law.
A disciplinary hearing is a fact-finding procedure to ensure verification of the truth of allegations con-
tained in a D-Report. Nelson v. Commissioner of Correction, 390 Mass. 379, 393 (1983); see Wolff v. McDonnell 418 U.S. 539, 557-57 (1974). The general rule is that disciplinary hearings should remain undisturbed unless the court determines that the findings are not supported by substantial evidence. Murphy v. Superintendent, MCI-Cedar Junction, 396 Mass. 830, 833-34 (1986); Cepulonis v. Commissioner of Corrections, 15 Mass.App.Ct. 292, 296 (1983). Substantial evidence is evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs. 103 CMR §430.06.
Ruta alleges that his conviction on DR-1920 was not based upon substantial evidence because Officer Marsolais was not an eyewitness to the incident and failed to disclose the identity of the individuals he interviewed and the substance of their conversations. Ruta alleges that Marsolais, alone, is acting as the fact finder in this matter, and the Board’s sole reliance on Marsolais’s D-Report and testimony effectively denied Ruta any meaningful opportunity to cross-examine Marsolais as to the substance of his findingf Ruta essentially alleges that the Board is not a fact finder, but has operated as a mere “rubberstamp” of the findings of Officer Marsolais.
In Nelson v. Commissioner of Correction, the S.J.C. stated that “(Fjor the board to rely on the secondary information of a reporting officer without any primary evidence of guilt ... is simply to rubberstamp the disciplinary report and to delegate the decision-making to the reporting or investigating officer. 390 Mass. 379, 392-93 (1983). Since Nelson, the court has struck down D-Reports based solely upon secondary information. See Karas v. Latessa (Civil Action No. 90-0730) (a decision based solely upon the conclusive facts as reported by an officer does not constitute substantial evidence); Greenwood v. Rakiey (Civil Action No. 90-4154) (D-Report that fails to provide how a non-eyewitness author came to conclusions cannot constitute substantial evidence).
The Department of Corrections based their finding of guilt solely upon Officer Marsolais’s D-Report, DR-1920, and the officer’s live testimony. DR-1920 fails to state how Officer Marsolais arrived at his conclusions. The Board’s reliance on such secondary information cannot constitute “substantial evidence” of guilt. Therefore, summary judgment is granted in favor of Ruta on Count Via.
Count VIb
Count VIb of Ruta’s Complaint similarly argues that the Board’s finding of guilt on DR-1735 was not based upon substantial evidence. DR-1735 concerned the afieged abusive behavior of Ruta while in the prison cafeteria and was written by Officer Hines. Officer Hines was an eyewitness. His D-Report was not based upon secondary information. Ruta appeared at the disciplinary hearing and denied all of Officer Hines’s allegations. The Board apparently chose to accept *310 Officer Hines's written report as being more credible than Ruta’s testimony. Ruta contends that the fact that Officer Hines did not appear to testify at the Disciplinary Hearing, alone, constitutes a constitutional violation. However, 103 CMR 430.14(5), provides that “[T]he reporting staff-person shall, when requested by the inmate or the disciplinary board, attend the hearing unless a determination of unavailability has been made.” There is no evidence before the court to suggest that Ruta requested Officer Hines to appear at the disciplinary hearing. Therefore, the Board was entitled to rely upon Officer Hines’s D-Report as substantial evidence of Ruta’s guilt. Summary judgment is granted in favor of the Department of Corrections on Count VIb.
Count VII
Count VII of Ruta’s Complaint alleges that the Department of Corrections failed to provide him with a sufficient written summary of the evidence upon which he was convicted. However, the defendant’s exhibits reveal that he was provided with documents entitled “Summary of evidence relied upon to support finding.” Although Ruta may argue his convictions were not based upon substantial evidence, the fact that Ruta was provided with an written summary of the Board’s findings is beyond dispute. Therefore, summary judgment is granted in favor of the Department of Corrections on Count VII.
Count Villa
Count Villa of Ruta’s Complaint alleges that the imposition of a sanction of thirty days isolation for DR 90-1920 was wrongful and in violation of his constitutional rights. The court agrees. Ruta’s conviction on DR 90-1920 was not based upon sufficient evidence. Therefore, summary judgment as to Count Villa is granted in favor of Ruta.
Count VUIb
Similarly, Count VUIb of Ruta’s Complaint alleges that the imposition of a sanction of thirty days isolation for DR-1735 was wrongful and in violation of his constitutional rights. The court does not agree. Ruta’s conviction on DR 90-1735 was based upon the eyewitness report of Officer Hines. Further, Ruta failed to request that Officer Hines appear at the disciplinary hearing. As such, Ruta’s conviction on DR 90-1735 was based upon sufficient evidence. Therefore, summary judgment as to Count VUIb is granted in favor of the Department of Corrections.
ORDER
Pursuant to the findings and rulings above, it is hereby ORDERED that:
1. The motion for summary judgment of defendants, George Vose, Paul Rakiey, D. Adams, Donna Phillips, Larry Marzuolo and Norman Pelletier, is GRANTED as to Counts I, II, III, IV, V, VIb, VII, and VUIb.
2. Summary judgment as to Counts Via and Villa are GRANTED in favor of the plaintiff, Gerald Ruta, as follows: It is hereby ORDERED that the disciplinary board findings with respect to DR-1920 are voided, and any sanctions imposed pursuant thereto are voided and a new hearing is hereby granted.