Martin, J.
This is the plaintiffs appeal from the granting of a motion for summary judgment by a trial justice and a denial of a motion under Rule 15. We affirm the trial justice.
Plaintiff claims that Jordan Marsh allowed an unknown person to spray an unknown substance on the hand of the plaintiff that caused the injury of which she complains. The justice allowed the motion for summary judgment.
Summary judgment is a “device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422; 456 N.E.2d 1123, 1125 (1983); Community National Bank v. Dawes, 369 Mass. 550; 340 N.E.2d 877, 879 (1976).
There was no error in allowing the motion for summary judgment. The undisputed facts disclose no connection between the person that sprayed the perfume or knowledge on the part of the defendant. The trial judge by inference from his finding found that it was clear beyond a doubt that a finding of negligence was not permissible and summary judgment was indeed appropriate.
Summary judgment in favor of a plaintiff in a negligence case is, on the other hand, rarely appropriate. The party having the burden of proof is generally not entitled to a determination as a matter of law.
We affirm the denial by the trial justice of the plaintiffs motion filed, after the case was dismissed, to reconsider and vacate the plaintiffs motion to amend the complaint. The case was dismissed on 05/13/94 and the plaintiff filed her motion to reconsider on 05/13/94 and her motion to amend on 06/03/94.Both motions were denied on 06/03/94 by the trial justice which we affirm.
So ordered.