Brady, J.
The plaintiff Charles Boyer brings this tort action against the defendant to recover damages for an injury suffered while operating machinery at the defendant’s plant. The plaintiff moves to strike certain defenses of the defendant. The defendant Chatham Village Foods, Inc. brings a cross motion for summary judgment. After hearing, and for the reasons dis *352 cussed below, the plaintiffs motion to strike defenses is DENIED and the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
The undisputed facts are as follows. On May 10, 1995 the plaintiff, Charles Boyer (Boyer), was injured when his right arm was drawn into a large mixing bowl at Chatham Village Foods, Inc.’s (Chatham Village) plant in Wareham, Massachusetts.
Chatham Village is the client company in an employee leasing arrangement with Staffing Network, Inc. (Staffing Network). Under this employee leasing arrangement, Staffing Network is paid a weekly sum to manage Chatham Village’s human resource and administrative matters. As part of the employee leasing arrangement, all Chatham Village employees including company officers are required to sign an employment contract with Staffing Network, who then “leases" the employees back to Chatham Village.
At the time of his injury, Boyer was leased to Chatham Village in this manner. The undisputed evidence, however, shows that Chatham Village maintained sole responsibility for Boyer’s training, daily supervision, and scheduling. Chatham Village also retained the authority to discipline, promote, or discharge Boyer at all times.
Staffing Network obtained workers’ compensation insurance for Chatham Village’s “leased" employees. Under the employee leasing arrangement, however, Chatham Village paid Staffing Network 100% of the workers’ compensation premium for its “leased” employees. Staffing Network then paid the premium to its workers’ compensation insurance carrier, National Union Fire Insurance Company.
Although Staffing Network is named as the insured on its workers’ compensation insurance policy, a Massachusetts Employee Leasing Endorsement attached to the policy shows that employees leased to Chatham Village are covered by the policy and that the policy applies to Chatham Village as though it is an “insured.”
After Boyer was injured, he filed a claim for workers’ compensation benefits. On March 29, 1996, Boyer entered a lump sum settlement agreement with Staffing Network and Chatham Village. The settlement agreement named both Staffing Network and Chat-ham Village as his employers. As part of the agreement, Boyer received a lump sum payment of $14,500.00 from National Union Fire Insurance Company. Boyer now brings this negligence action against Chatham Village alleging that Chatham modified the mixing bowl upon which he was injured.
DISCUSSION
The court will grant a motion for summary judgment where there are no genuine issues of fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party must affirmatively demonstrate the absence of a triable issue, and that the summary judgment record entitles them to judgement as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Chatham Village asserts that Boyer is barred from bringing this action by the exclusivity provision of the Workers’ Compensation Act. Under the exclusivity provision of the Workers’ Compensation Act, an employee who enters a lump sum agreement releases the insured of all common law claims. See G.L.c. 152, §23 (1994 ed.). An injured employee may bring third party actions against all but his immediate insured employer and fellow employees. See Searcy v. Paul, 20 Mass.App.Ct. 134, 138-39 (1985). In the present case, Boyer does not dispute the fact that he entered the lump sum settlement with both Chatham Village and Staffing Network. Instead, he claims that the exclusivity provision of the Workers’ Compensation Act does not apply to client companies in employee leasing arrangements. The Workers’ Compensation Act recognizes employee leasing arrangements and provides that the commissioner of the Department of Industrial Accidents may promulgate regulations which relate to the obligations of employee leasing companies and client companies. See G.L.c. 152, §14A. 211 CMR 111.04 (1), contains the following provision:
It shall be the responsibility of the employee leasing company to purchase and maintain a separate policy providing standard workers’ compensation and employer’s liability insurance for each client company . . . Each policy written to cover leased employees shall be issued to the employee leasing company as the named insured. The client company shall be identified thereon by the attachment of an appropriate endorsement indicating that the policy provides coverage for leased employees in accordance with Massachusetts law.
The purpose of this regulation is to ensure that a client company’s leased employees are provided with workers’ compensation insurance coverage. The issue whether a client company in an employee leasing arrangement is entitled to the benefit of the exclusivity-provision of the Workers’ Compensation Act has not been directly addressed by Chapter 152, its related regulations, or Massachusetts case law. Boyer argues that the statutory and regulatory recognition of employee leasing arrangements does not necessarily make the exclusivity provision of the Workers’ Compensation Act applicable to client companies in employee leasing arrangements. The undisputed affidavit of Chatham Village’s vice president, however, establishes that Chatham Village pays the entire amount of the workers’ compensation insurance premium for its employees, all of whom are “leased.” See G.L.c. 152, §1(6) (statutory definition of “insured”). Equally significant is the Massachusetts Employee Leasing En *353 dorsement which is attached to the workers’ compensation policy under which Boyer entered a lump sum settlement agreement and collected payment for his injury. In substance, the endorsement states that the policy will apply as though Chatham Village is an “insured.” Since Chatham Village paid the entire premium for its employees’ workers’ compensation insurance and is treated as an insured under the workers’ compensation insurance policy, Chatham Village is entitled to the benefit of the exclusivity provision.
Boyer’s argument that the exclusivity provision does not bar an action against Chatham Village because Staffing Network is his direct employer and the only named insured on the workers’ compensation policy also fails. In an analogous case which considered the question whether an employer is immune under Chapter 152 from a temporary employee’s common law action, the Appeals Court held that an employer must satisfy a two-part test. Lang v. Edward J. Lamothe Co. The employer must be the direct employer of the employee. Id. Assuming, as Boyer claims, that this analysis is applicable to the present case, Chatham Village meets both prongs of the test.
As discussed above, it is undisputed that Chatham Village is an “insured” person liable for the payment of workers’ compensation premium. Boyer points to the fact that Staffing Network handles payroll, employer taxes, and employee taxes as evidence that Staffing Network is his direct employer. This evidence, however, lends support to the view that Staffing Network’s role in the employee leasing arrangement is administrative. Although Boyer refers to his employment contract with Staffing Network, the evidence in the record is undisputed that Chatham Village retained control over all appreciable aspects of Boyer’s daily work and overall employment. Boyer’s final assertion that Staffing Network retained the authority to terminate his employment is not supported by the record. Under the two-part test in Lang v. Edward J. Lamothe Co., Chatham Village is immune from this negligence action. Therefore, Chatham Village is entitled to summary judgment.
ORDER
For the reasons set forth above, it is hereby ORDERED as follows:
1. The plaintiff Charles Boyer’s Motion to Strike is DENIED.
2. The defendant Chatham Village Foods, Inc.’s Motion for Summary Judgment is ALLOWED.