Giles, J.
Introduction
This case arises out of a disagreement between James R. Hawn (“plaintiff’) and Cambridge Mutual Insurance Company (“defendant”) regarding the coverage afforded plaintiff under the latter’s homeowner’s insurance policy (“policy”) with defendant. Claiming that the amount of his loss is not in dispute, plaintiff now moves for partial summary judgment in the amount of $3,200, along with attorneys fees. Defendant opposes the motion, arguing that the amount of plaintiffs damages is in dispute, and cross moves for summary judgment, contending that the insurance contract requires that, because there is a disagreement regarding the amount of loss, the matter must be referred to a three-member board of referees. For the following reasons, plaintiffs motions for partial summary judgment and attorneys fees are DENIED, and defendant’s cross motion for summary judgment is also DENIED.
Background
Sometime between November 1997 and January 1998, plaintiffs personal property allegedly was stolen from the insured premises, his condominium at 154 Lynnway, Unit No. 216, Lynn, Massachusetts, by its lawful occupant, one Frederick Beede (“Beede”). The limit of liability for personal property under the policy is $34,000, and plaintiff asserts that his loss exceeds $39,000. Defendant contests the claim on the grounds that, at the time of the alleged loss, all of the insured premises except plaintiffs bedroom was being rented to Beede and that coverage does not extend to such an uninsured tenant. Thus, defendant offered $3,200 in settlement of plaintiffs claim for items stolen only from his bedroom.
The policy provides that, in the event of a disagreement as to the amount of the loss, the matter is to be referred to a three-member board of referees “upon receipt of [the insured’s] written request to do so.” The contract further states that no action in court can be brought until the parties comply with the policy provisions. Defendant submits that such process of reference is statutorily mandated by G.L.c. 175, §99, which provides in pertinent part as follows: “[i]n case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men [sic]. . . and such reference shall be a condition precedent to any right of action in law or equity to recover for such loss.” G.L.c. 175, §99.
Despite this language, plaintiff tiled suit against defendant. During pre-trial discussions, plaintiff admitted that he had not complied with reference and agreed to submit the names of three nominees for reference. Plaintiff failed to submit any nominees and now moves for partial summary judgment, contending that there is no disagreement as to the amount of the lost property. Plaintiff also demands to know what the value of the property is according the defendant’s appraiser. Defendant counters that the amount of the loss is, indeed, in dispute and cross moves for summary judgment on the grounds that the statutory pre-condition of reference has not been met.
Discussion
I.Standard of Review
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). Where all parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved, summary judgment shall be granted to the party entitled to judgment as a matter of law.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
II.Statutory Pre-Condition
Both parties appear to agree that the policy contains provisions required by G.L.c. 175, §99, Twelfth, as amended through St. 1981, c. 718, §1. The legislature adopted this provision "to obviate court proceedings and to expedite the equitable settlement of claims.” See Employers’ Liability Assur. Corp. v. Traynor, 354 Mass.756, 763 (1968).
The court, however, finds that the policy’s language does not mirror the statute’s. Whereas G.L.c. 175, §9 mandates reference, Section I (“Conditions”), Paragraph 6 (“Appraisal”) of the Massachusetts “Special Provisions” portion of the policy provides in relevant part: “[i]f you [the policy holder] and we [the insurer] fail to agree on the amount of loss, we shall, upon receipt of your written request to do so, refer this matter to a three member board of referees ...” (emphasis added). Although this issue was not raised by plaintiff, the court deems the highlighted language to create an option of reference exercisable by the insured. The policy inexplicably provides merely for unilateral rather than mutual agreement as to reference. Thus, because of defendant’s own drafting, a condition precedent was not manifested under • the policy; and defendant is not entitled to summary judgment.[1]
III.Amount of Loss and Appraisal
Plaintiffs request for partial summary judgment in the amount of $3,200, defendant’s settlement offer, is perplexing. He does not concede that that sum is the total of his damages. Indeed, he continues to press his claim for the $34,000 limit on personal property coverage, plus $5,000 in real property damage, and demands to know the amount of defendant’s appraisal.[2] Thus, by plaintiffs own tacit admissions, the amount of damages remains very much in dispute. As such, *192 summary judgment and a concomitant award of attorneys fees are inappropriate.
ORDER
For all the foregoing reasons, it is hereby ORDERED that plaintiffs motions for partial summary judgment and attorneys fees be DENIED and that defendant’s motion for summary judgment also be DENIED.

 It should be noted that plaintiff agreed at oral argument to submit the amount of loss issue to reference.

 Plaintiffs “motion to require defendant to disclose its evaluation of the loss(es) in the case” does not appear in the form of a motion but, rather, as part of his memorandum of law in support of his “motions." Putting aside this procedural infirmity, his purported “motion” is more in the nature of a request for discovery, which is antithetical to his motion for summary judgment. See Mass.R.Civ.P. 56(f).