McDonald, J.
The plaintiff, David K. Frasco, d/b/a Frasco Fuel Oil (Frasco) brings this action to recover a debt from the defendant, Oil Recovery Corporation (ORC). On November 17, 2003, after the parties failed to reach an agreement on payment of the debt, Frasco filed the instant complaint alleging breach of contract (Count I), quantum meruit (Count II), and account stated (Count III). Frasco now moves for summary judgment. After hearing, and upon consideration of the memoranda and arguments, Frasco’s motion is allowed.
BACKGROUND
The summary judgment record reveals the following undisputed facts viewed in the light most favorable to ORC. In 1989, Frasco and ORC orally agreed that Frasco would sell diesel fuel to ORC. Frasco sent ORC weekly invoices after each shipment of oil. In addition, Frasco sent ORC regular statements listing the invoices, payments received, and any outstanding balance. Each of Frasco’s weekly invoices contained the notation: “A Finance Charge of 1 percent per month will be added to all outstanding invoices after 30 days. This is an annual percentage rate of 18 percent.” From November 1989 until October 2002, occasionally ORC failed to make timely payments. On these occasions, Frasco did not charge ORC interest on the unpaid amounts.
From October 8, 2002, through February 25, 2003, however, except for a single partial payment that is not at issue, ORC failed to pay for fuel delivered by Frasco. Jonathan Gagnon (“Gagnon”), ORC’s president, told Frasco that ORC did not have sufficient funds to make payments on the past due amounts. Gagnon never challenged the fact of the debt. Frasco continued to sell oil to ORC in exchange for cash on delivery. Eventually ORC found a new vendor.
On October 29, 2003, Frasco mailed ORC a statement listing tweniy-one unpaid invoices for the period of October 8, 2002, through February 25, 2003. ORC denied timely receipt of this statement, but not its accuracy. The statement did not include a calculation of interest charges on the unpaid amount. It did, however, contain the interest provision quoted above.
On November 3, 2003, Frasco, through counsel, demanded payment in full of the outstanding balance plus interest, a total at that time of $61,062.77. Frasco offered to resolve the problem amicably, but also informed ORC that Frasco would sue for recovery unless ORC made suitable arrangements to pay the debt. On November 5, 2003, Gagnon responded with a check for $4,635.09 and an offer to pay $500 every other week until the balance of the debt was paid. Gagnon did not address the issue of interest charges or the rate of interest charged.
Under the terms of ORC’s offer, the debt would remain unpaid for more than ten years. For that reason, on November 12, 2003, Frasco rejected ORC’s offer and proposed an accelerated plan of twelve monthly payments of $4,700 to retire the unpaid principal. Frasco further proposed to refrain from suit and to waive any interest charges if ORC agreed to three conditions: 1) ORC would make the required payments, 2) Gagnon would personally guarantee payment of the debt, and 3) ORC would identify other trade creditors and any payment arrangements between ORC and those creditors.
In response to Frasco’s proposal, ORC sent a check for $4,700, dated November 18, 2003. ORC did not discuss the other conditions of Frasco’s proposal. Frasco reiterated to ORC the additional requirements of his proposal, and advised ORC that he had filed suit in Superior Court. Frasco also told ORC he would dismiss the suit if ORC agreed to Frasco’s terms. ORC has made occasional payments toward the debt; however, it has not made regular timely payments, nor has it agreed to the three conditions of Frasco’s proposal.
DISCUSSION 1. Standard of Review
The court grants summary judgment where the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment at a matter of law. Mass.R.Civ.P. 56(c); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). “(A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial.” Mass.R.Civ.P. 56(e).
2. Interest on the Unpaid Debt
Both of the parties are merchants under Massachusetts law. G.L.c. 106, §2-104(1) (“A merchant means a *454 person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction”). The evidence shows that a contract for fuel oil existed between the parties. G.L.c. 106, §2-205(1) (“A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties”). ORC admits to all of the facts as described herein. These facts demonstrate unequivocally that a contract existed between the parties. While the initial agreement between the parties was entirely oral, the invoices sent by Frasco and received by ORC acted as confirmation of the terms of the contract, G.L.c. 106, §2-201(2). ORC had ten days after receipt of these invoices to object to any of the terms therein, including the interest requirement for untimely payments. Id.
ORC disputes the contention that it owes Frasco any interest. ORC asserts that during the initial negotiations between Frasco and Gagnon, no discussion of interest charges on outstanding balances took place. Although the negotiation alone was insufficient to form a contract between the merchants, the subsequent series of weekly invoices, each of which included a clear statement of the interest charge provision, demonstrates the existence of an enforceable contract. ORC did not object, either orally or in writing, to the interest provision. Prior to this lawsuit, not once during the parties’ twelve-year business relationship did ORC ever complain of the interest provision.
ORC notes that Frasco did not charge interest on late payments prior to 2003, and that Frasco failed to include interest charges in its October 29, 2003, summary statement of unpaid invoices. Although ORC does not argue the point explicitly, ORC appears to be suggesting that Frasco waived the interest provision by failing to enforce it on the earlier non-payments. However, Frasco’s decision not to enforce the interest provision does not negate the existence of the express terms of the contract created by the invoices. “(E]xpress terms are to be given preference in interpretation over course of performance . . .” Somerset Sav. Bank v. Chicago Title Ins. Co., 420 Mass. 422, 428 (1995), citing Restatement (Second) of Contracts §203(b) (1981). Even if Frasco’s failure to enforce the interest provision constituted a waiver of the provision, Frasco was entitled to retract such a waiver “by reasonable notification... that strict performance will be required of any term waived, unless the retraction would be unjust in view of a material change of position in reliance on the waiver.” G.L.c. 106, §2-209. Frasco notified ORC of his intent to apply interest to the unpaid amounts in his letters of November 3 and 12, 2003. ORC offers no evidence to show that it materially changed its position in reliance on an alleged waiver of interest charges. ORC, without objection, made partial payments toward the total balance calculated by Frasco which included the interest charges. ORC has failed to show that Frasco waived the interest provision.
ORC also suggests that the IV2 percent monthly interest rate is both unfair and unreasonable. Again, ORC received notice of this rate in every weekly invoice it received from Frasco for over twelve years. Only now, after suit, does ORC complain that the rate is too high, Further, ORC offers no evidence satisfying Mass.R.Civ.P. 56(e), no specific facts, to support this claim. Thus, ORC has failed to establish the existence of a genuine issue of material fact as to the interest rate.
ORC also argues that a genuine issue remains as to whether Frasco breached the agreement by charging an above-market rate for the fuel. Prior to this action, ORC never disputed the fuel charges, and in fact paid most of them, save for those it failed to pay due to its alleged lack of funds. Again, ORC offers no evidence satisfying Mass.R.Civ.P. 56(e), no specific facts, to support its post-hoc conclusoiy assertion that Frasco overcharged for oil. Thus, again ORC has failed to establish a genuine issue of material fact as to the amounts charged.
ORDER
For the foregoing reasons, it is ORDERED that Frasco’s motion for summary judgment is ALLOWED. A hearing shall be held to determine the current state of the account and to assess the damages to which Frasco is entitled.