MacDonald, D. Lloyd, J.
Before the Court is the Plaintiffs motion for partial summary judgment and the Defendants’ cross motion for summary judgment as to all counts of the complaint. The Plaintiffs motion is DENIED, and the Defendants’ cross motion is ALLOWED as to Count I of the complaint resting on the Wage Act, G.L.c. 149, §§148 and 160. The cross motion is DENIED as to the remaining counts. The Court’s reasoning is as follows.
1. The Plaintiff, a Harvard Law School and Harvard Business School graduate with an entrepreneurial career in a succession of start up companies, became employed at the Defendant Monadnock Associates, Inc. (“Monadnock”) in November 2001. The terms of his employment, including salary arrangements, are unclear from the summary judgment record, but there is no dispute that at least until January 28, 2003 he was considered an employee and received W-2 income as an employee. The Plaintiff remained affiliated with Monadnock until September 2004. During that nearly four-year period he was paid only a total of $65,000. That amount was paid (and confirmed by a W-2) in the year 2002. In addition to such monetary compensation, the Plaintiff was enrolled in the Monadnock health plan, and some of his business expenses were reimbursed by Monadnock.
2. In January 2003 the Plaintiff and the Defendant Stephan Burakoff (Burakoff), Monadnock’s principal, executed a document (drafted by the Plaintiff) styled a “Term Sheet” that referenced the “Monadnock Associates Partnership Addition.” Among its provisions was a “Compensation” section that provided: “$240,000 *199 per year, payable semi-monthly in arrears at the same time other payroll is paid. Compensation may be deferred indefinitely if cash is not available; however, deferred compensation must be paid before any profit distributions are made.” The Term Sheet was backdated (from January 2003) to November 1, 2001.
3. The Plaintiff asserts that the Term Sheet was an employment agreement entitling him to wages at $240,000 per year retroactive to November 2001, totaling (at the time of his departure from Monadnock) $655,000. Because the Plaintiff was paid in fact only $65,000 in salary during this period, he alleges that Monadnock, Burakoff as Monadnock’s CEO and the Defendant Carl Bindman (“Bindman”) as Monadnock’s Treasurer violated the Wage Act. As such, the Plaintiff claims that he is entitled to his back wages, tripled, and his attorneys fees paid.
4. The Defendants assert that the Term Sheet memorialized a partnership that was related to, but separate from, the Monadnock corporate entity.
5. Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983).
6. Whatever the Term Sheet is and what, if any, entitlement it provided as a contractual instrument, there is no issue of material fact as to whether it created an employment relationship pursuant to which wages were obligated to be paid. It did not. By its very nature, the compensatory structure of the Term Sheet was conditional and contingent. As such, it was outside of the Wage Act. For the application of this principle under the Wage Act in the commission context, see Wiedman v. The Bradford Group, 444 Mass. 698, 708 (2005) (commissions at issue were “arithmetically determinable,” thus “definitely determined and, therefore, the weekly wage law applies”). See also Richards v. Datatec Systems, Inc., 19 Mass. L. Rptr. 343, 2005 WL 1156162 (Mass.Superior) *2 (Burnes, J.); Beaule v. M.S. Inserts and Fasteners Corp., 17 Mass. L. Rptr. 623, 2004 WL 1109796 (Mass.Superior) *3 (Kern, J.) (commission that was “due and payable” was within the Act; one that was not yet due, albeit subject to the commission “plan” at the defendant company, held to be outside the Act).
7. The Term Sheet is a classically entrepreneurial document that incorporated not only contingent salary arrangements but also equity participation and profit sharing expectancies. There is nothing in the text of the Wage Act or the judicial interpretations of the Wage Act that would suggest its protections and its special remedies should be extended to one in the Plaintiffs position. As such, the Term Sheet created no rights pursuant to G.L.c. 149, §§148 and 150.
8. There is, however, a material issue of fact as to the remaining claims in contract, unjust enrichment and estoppel as it relates to the Defendant Monadnock. Accordingly, the Defendants’ cross-motion is denied as to those counts.

ORDER

The Plaintiffs motion for partial summary judgment is DENIED. Summary judgment is ALLOWED in favor of the Defendants Monadnock Associates, Inc., Stephen V. Burakoff and Carl Bindman on Count I. The Defendant Monadnock Associates, Inc.’s motion for summary judgment on Counts II, III and IV is DENIED.