Fishman, Kenneth J., J.
The issue before this Court is whether a doctor-patient relationship is established when a hand specialist, who is on-call for a hospital, is contacted by and connects with an emergency room physician, but does not go to the emergency room to examine the patient, direct that the patient undergo immediate exploratory surgery, admit the patient to the hospital, nor inform the patient that a serious nerve injury could not be resolved without surgery. After hearing, and upon review, the defendant Dr. Tomany’s motion for summary judgment is DENIED.
BACKGROUND
The undisputed facts, and any disputed facts, viewed in a light most favorable to the non-moving party, are as follows.
October 13, 2001, the plaintiff injured his right forearm and presented to the emergency department of Lowell General Hospital for treatment. The plaintiff was initially treated by codefendant Dr. Martin Kragness, an emergency room physician. Thereafter, he was treated by co-defendant Dr. Francesco Corvi, another emergency physician at that hospital. The emergency room records reflect that the plaintiff sustained a large laceration through the artery on his right forearm. In addition, the records indicated that he was displaying symptoms of tingling and numbness distally.
Dr. Corvi completed the suturing of the plaintiffs right forearm that Dr. Kragness had begun. In the course of Dr. Corvi’s care and treatment of the plaintiff, Dr. Corvi had telephone contact with Dr. Tomany, the on-call hand specialist. Neither Dr. Corvi nor Dr. Tomany recall the substance of their telephone conversation, but the medical record establishes that a *498 conversation did take place. Dr. Corvi testified regarding his custom and practice. He indicated that he would not have written in the record reference to his consultation with Dr. Tomany unless the consultation had taken place. The medical record indicates a follow-up with Dr. Tomany and a nurse incorporated the time period of one week for that follow-up appointment. This nurse testified that she would not have placed the information in the medical record unless she was directed to do so by Dr. Corvi.
In November 2001, the plaintiff learned that he had suffered a lacerated ulnar nerve and that the injury would not heal without surgery. There is no indication in the medical records that the plaintiff was ever so informed, or that the nature of the injury was discovered. By absence of records indicating to the contrary, it may be inferred that Dr. Tomany did not examine the plaintiff or ever have any direct contact with him. Nor did he inform the plaintiff of the serious nature of his injury or the need for surgery. Indeed, the plaintiff never had a follow-up consultation with Dr. Tomany, claiming that he was never advised by anyone at the hospital to do so.
DISCUSSION
The standard for summary judgment is well known. Generally, summary judgment shall be granted only where there are no issues of material facts in dispute and where the summary judgment record entitles the moving party to a judgment as a matter of law. Cassesso v. Comm'r of Corr., 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 55(c). In deciding a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. G.S. Enters, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991).
In a medical malpractice case, the plaintiff must initially establish that a doctor-patient relationship existed, in order to sustain his or her burden of proof of negligence. Santos v. Kim, 429 Mass. 130, 133 (1999); Doherty v. Hellman, 406 Mass. 330, 333 (1989). The circumstances in which a doctor-patient relationship exists depend on the particular facts of a case. Sanios, 429 Mass, at 133. Summary judgment is seldom granted in negligence actions because such claims often involve questions of fact. Manning v. Nobile, 411 Mass. 382, 388 (1991). A doctor-patient relationship is a consensual relationship. Doherty, 406 Mass, at 333. It is predicated upon the extent to which the doctor is involved with the treatment of the patient, and, thus, accepts responsibility for the care of that patient. Santos, 429 Mass. at 137. For such a relationship to arise, it is not necessary that the doctor has physically treated the patient; rather such a relationship exists where the patient entrusts his or her treatment to the doctor, and the doctor takes some affirmative action with regard to the personal treatment and care of the patient. Campbell v. Thorton, 368 Mass. 528, 535-35 (1975); Lambley v. Kameny, 43 Mass.App.Ct. 277, 283-84 (1997). Massachusetts courts have held that the doctor must stand in a relationship with the patient amounting to more than that of a mere informal consultant or assisting physician. Halley v. Birbiglia, 390 Mass. 540, 548-49 (1983).
It does not appear that any Massachusetts appellate court has addressed the issue of whether consultation with an on-call physician at a hospital may satisfy the requirement of doctor-patient relationship. In Lownsbury v. VanBuren, 94 Ohio St.3d 231, 241 (2002), the Ohio Supreme Court held “that a physician-patient relationship can be established between a physician who contracts, agrees, undertakes, or otherwise assumes the obligation to provide resident supervision at a teaching hospital and a hospital patient with whom the physician had no direct or indirect contact.” Pursuant to this test, the physician may consent to the physician-patient relationship by explicitly contracting with the patient treating hospital, or treating physician. Id. at 240. Under this test, the Court does not require that the physician actually participate in the patient’s care. This Court is not of the view that the Massachusetts appellate courts would adopt the Ohio rule. For example, in Campbell v. Thorton, supra at 535-36, the Court declined to impose medical malpractice liability on the defendant merely because of his position of chief-of-staff of the hospital. Nevertheless, it is inconsistent with Massachusetts precedent to conclude that a plaintiff-patient may not establish a consensual relationship by the contractual obligation of an on-call doctor to consult with a treating physician, where the on-call doctor actually participates in the care and treatment of the patient. The defendant Dr. Tomany should not be able escape liability merely because he professes no memory of the contact with the emergency treating physician on October 13, 2001. The medical records reflect that Dr. Corvi consulted with Dr. Tomany, and it may be inferred, would have followed any direction provided to him by Dr. Tomany. The medical record reflects that Dr. Corvi simply completed the suturing and advised the plaintiff to follow up with Dr. Tomany. The plaintiff claims, with expert support, that this course of treatment was negligent. Under these circumstances, a genuine issue of material fact exists concerning whether a physician-patient relationship existed between Dr. Tomany and the plaintiff. Accordingly, defendant Dr. Tomany’s motion for summary judgment must be denied.
ORDER
Based on the foregoing, it is hereby ORDERED that the defendant Dr. Kevin S. Tomany’s motion for summary judgment be DENIED.