Garsh, J.
INTRODUCTION
Plaintiff, Elmer Barrios (“Barrios”), brought this action claiming, in Count VI of the Amended Complaint, that Stein, Inc. (“Stein”) had violated G.L.c. 93A, §§2, 9 by breaching various Uniform Commercial Code warranties.[2] Stein has now moved for partial summary judgment with respect to that count. For the *560 reasons discussed below, the defendant’s motion for partial summary judgment is ALLOWED.
BACKGROUND
Barrios alleges that while working at Viking Seafood, Inc. (“Viking”) in Malden, Massachusetts, he was severely injured when two of his fingers were caught in a breading machine. It is undisputed that Stein manufactured the breading machine in Ohio pursuant to an order from Fishery Products, Inc. of St John’s, Newfoundland, Canada. On or about June 30, 1970, Stein shipped the machine from Ohio to Newfoundland via a stevedoring company in Gloucester, Massachusetts. Some time later, Fishery sold and shipped the machine to Viking in Malden, Massachusetts. Stein was not involved in that sale.
Stein has been in the business of manufacturing batter- and bread-covering machines for the meat, vegetable, and fish industries since 1955. More than twenty percent of its gross revenue at all relevant times has been derived from transactions in interstate commerce.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Stein does not dispute that a breach of warranty constitutes an “unfair or deceptive act or practice” within the meaning of G.L.c. 93A, §2(a) and that such a claim may be asserted by a person, like Barrios, not in privity with the manufacturer. Mailett v. ATF-Davidson Co., Inc., 407 Mass. 185 (1990). Stein maintains, however, that chapter 93A is inapplicable to these particular alleged breaches of warranty because of the interstate commerce exemption contained in c. 93A at the time of the manufacture and sale of the machine.
Prior to July 20, 1983, G.L.c. 93A, §3(l)(b), applicable to all section 9 actions, exempted “(b) trade or commerce of any person of whose gross revenue at least twenty percent is derived from transactions in interstate commerce, excepting however transactions and actions which (i) occur primarily and substantially within the Commonwealth.”
The interstate commerce exemption still applies to conduct alleged to constitute a 93A violation that occurred before July 20, 1983. Goldstein Oil Co. v. C.K. Smith Co., 20 Mass.App.Ct. 243, 250-51 (1985) (statute repealing the interstate commerce exemption not to be given retroactive effect because amendment created and enlarged c. 93A obligations). See also Haberman v. Hustler Magazine Inc., 626 F.Supp. 201, 216 (D. Mass. 1986) (chapter 93A action predicated upon misrepresentation in a magazine sold before July, 1983 governed by interstate commerce exemption).
If a warranty is breached, that breach occurs at the time a product is sold. The plaintiff in a breach of warranty action must be able to show that there was a breach at the time of the sale. Fernandes v. Union Bookbinding Co., Inc., 400 Mass. 27, 37 (1987).
Plaintiff s claim under chapter 93A predicated upon violations of Uniform Commercial Code warranties is, therefore, subject to the provisions of former Section 3( l)(b) of chapter 93A. The breading machine was sold by Stein to Fishery in 1970. Any alleged breach of warranty by Stein took place in 1970.
Barrios has submitted no evidence to dispute Stein’s affidavit that it has always received more than twenty percent of its gross revenues from transactions in interstate commerce. It is also clear that the acts or transactions connected with Stein’s alleged breach of its warranties did not occur “primarily and substantially within the Commonwealth.” G.L.c. 93A, §3(l)(b)(i). The machine was manufactured in Ohio and sold to a corporation in Canada. It was shipped from Ohio to Canada. If the machine was defective or unreasonably dangerous, thus requiring a warning, it was in that condition when it left Ohio. Nothing in the record supports an inference that Stein knew or should have known that the machine would be resold some time in the future to a corporation in Massachusetts. Stein did not participate in the resale of its product. Cf. Burnham v. Mark TV Homes, Inc., 387 Mass. 575,582 (1982) (shipment of modular homes from Pennsylvania to a New Hampshire dealer for delivery to Massachusetts consumers is conduct occurring “primarily and substantially” within the Commonwealth). Plaintiffs injury in Massachusetts is not sufficient, in and of itself, to transform this action into one occurring “primarily and substantially” in the Commonwealth. Nor does Stein’s alleged conduct in Massachusetts after the sale from Fishery to Viking tip the balance. The preponderance of the wrongful conduct — the design, manufacture, sale, and delivery, without warning, of the machine — took place outside Massachusetts.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s Motion for Partial Summary Judgment on Count VI of the amended complaint is allowed.

Barrios also asserted claims against Stein for breaches of express warranties, G.L.c. 106, §2-313 (Count III), implied warranty of merchantability, G.L.c. 106, §2-314 (Count IV), and implied warranty of fitness for particular purpose, G.L.c. 106, §2-315 (Count V), as well as claims for negligent failure to warn and negligent design (Count II). Only the allegations pertaining to the warranty claims were incorporated into the chapter 93A claim (Amended Complaint, ¶28), and only the breaches of warranties were alleged to have constituted unfair and deceptive acts in violation of chapter 93A (Amended Complaint, ¶29).