McEvoy, J.
This case arises from a dispute between the Chief of Police (“Chief’ or “plaintiff’) and the Town Manager and Town Treasurer (collectively “Town Manager” or “defendants”) of the Town of Reading (“Reading”) regarding expenditures from the Law Enforcement Trust Fund (“Trust Fund”) established pursuant to G.L.c. 94C, §47(d). The Chief filed a complaint for declaratory and injunctive relief due to the Town Manager’s disapproval of certain requested expenditures. The limited issue presented by cross-motions for summary judgment is whether or not the Chief has absolute discretion with respect to expenditures from the Trust Fund and can circumvent the normal procedures for obtaining funds. The parties agree that this issue can be resolved by the motions for summary judgment. After hearing counsel for the parties and based on the parties’ written submissions, plaintiffs motion for summary judgment is ALLOWED in part and DENIED in part and defendants’ motion for summary judgment is ALLOWED in part and DENIED in part.
BACKGROUND
Pursuant to G.L.c. 94C, §47(d), a law enforcement trust fund was established in Reading. The town treasurer is the custodian of the funds. Pursuant to municipal finance laws, specifically, c. 41, §52, some entity is required to oversee the expenditures of funds. The Reading Home Rule Charter delegates that authority to the Town Manager.
General Laws, c. 94C, §47(d) states that moneys and proceeds received by any police department from the forfeiture of items specified in §47
shall be deposited in a special law enforcement trust fund and shall be expended without further appropriation to defray the costs of protracted investigations, to provide additional technical equipment or expertise, to provide matching funds to obtain federal grants, or to accomplish such other law enforcement purposes as the chief of police of such city or town . . . deems appropriate, but such funds shall not be considered a source of revenue to meet the operating needs of such department.
In Reading, the Chief makes requests for funds from the Trust Fund to the Town Manager. The Town Manager then approves or disapproves of such requests.
At issue here is the Chiefs request for funds to attend the 24th Annual Regional Criminal Investigation School sponsored by the Narcotics Enforcement Officers Association in Rhode Island. The Town Manager disapproved the request because he believed that expenditures for out-of-state travel such as this would violate the statutory limitation regarding use of funds as a source of revenue to meet the operating needs of the department. Subsequent to this disapproval by the Town Manager, the Chief filed this complaint for declaratory and injunctive relief.
DISCUSSION
A. Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in *401 essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
B. Out-of-State Travel and Operating Needs of Police Department
The Chief argues that he has the absolute right to determine for what purpose expenditures are made within the limits of the statute and the law. The Town Manager claims that historically, out-of-state travel by members of any department was listed as a line item in the annual budget. Therefore, out-of-state travel was part of the normal operating needs of the police department. In 1990, in a time of financial crisis, all out-of-state travel was eliminated as line items from the budget. Thus, the Town Manager argues that it would be improper to allow the police department to use the Trust Fund for out-of-state travel because that would amount to use for operating needs.
It is necessary to determine if out-of-state travel is a statutorily prohibited use of the funds. The Legislature did not specifically define “operating needs” in the statute. Black’s Law Dictionary defines “operating expenses” as “those expenses required to keep the business running; expenses incurred in the ordinary activities of an entity.” Black’s Law Dictionary 984 (5th ed. 1979). Attendance at a training seminar is not required to maintain a police department nor does it constitute an ordinary activity. Moreover, §47(d) specifies some items and activities for which the money could and should be used. Training seminars fall within the meaning of those listed items as an activity which would “provide additional technical... expertise.” Therefore, notwithstanding the elimination of out-of-state travel as a budget line item, the use of the Trust Fund to facilitate attendance at a training and educational seminar does not constitute a use of the funds as a source of revenue to meet the operating needs of the department.
C. G.L.c. 94C, 547(d) and the Municipal Finance Laws
It is clear from both the language of the statute and from an opinion of the Attorney General regarding the interrelationship between this statute and municipal finance laws, that the chief of police is the person who makes the decisions regarding for what purposes the Trust Fund money will be spent. The statute clearly states that the money should be spent as the chief of police “deems appropriate.” Attorney General, Francis X. Bellotti, opined that “it is evident that the Legislature intended that the police chiefs decide how the law enforcement trust funds should be spent." Rep. A.G. Pub. Doc. No. 12 65, 67 (1986). Thus, it is clear that the police chief of any city or town has been granted the right to determine how to spend the trust fund money.
However, Attorney General Bellotti also stated that c. 94C, §47 (d) had to be read in conjunction with municipal finance laws. Section 47(d) clearly states that the money is not subject to any further appropriation. However, the Legislature failed to include in that section by whom the money should be held. Bellotti stated that by reading the statute in conjunction with the municipal finance laws, it is clear that whomever is generally custodian of such money should also be custodian of these funds. Therefore, while the police chief has discretion with respect to how the money is spent, the money is to be held by the entity designated by the municipal finance laws and any local rules of the particular city or town.
Therefore, while it is proper for the Town Treasurer in Reading to be custodian of the funds and for the Town Manager to oversee such funds, it is not proper for the Town Manager to disallow a request from the Chief for those funds unless such request is “fraudulent, unlawful, or excessive.” G.L.c. 41, §52. Clearly, expenditures for out-of-state travel for educational purposes are not unlawful, fraudulent or excessive.
ORDER
Based on the foregoing, plaintiffs motion for summary judgment is ALLOWED in part and DENIED in part and defendants’ motion for summary judgment is ALLOWED in part and DENIED in part. It is ORDERED that the Chief of Police of the Town of Reading will be required to submit requests for funds from the Law Enforcement Trust Fund to the Town Manager. It is further ORDERED that the Town Manager has no discretion in approving such requests unless those requests are fraudulent, unlawful, or excessive or are to be used to meet the operating needs of the department. Expenditures for out-of-state travel to training and educational seminars are not a statutorily prohibited use of such funds.