Doerfer, J.
This action arises out of water infestation at the basement warehouse space leased by the plaintiff, The Bugatti, Inc. (“the Bugatti”), which caused extensive damage to the Bugatti’s inventory of leather goods. The Bugatti brought this action against the defendant, Boston Water and Sewer Commission (“BWSC”), alleging that the BWSC “breached [its] duty to exercise reasonable care in making or remedying construction alterations to the sidewalk or the water, sewer, gas, electrical, or other utility lines at the location in front of plaintiffs rented storage space at 100 Condor Street, East Boston.” (Complaint, ¶32.) The BWSC has now moved for summary judgment on the ground that the Bugatti failed to comply with the notice and presentment requirements of G.L.c. 84, §18. For the reasons which follow, the BWSC’s motion for summary judgment is denied.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank, v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
G.L.c. 84, §18 requires a person injured by “reason of a defect or a want of repair” in a public way to provide notice within thirty days of the injury to “the county, city, town or person by law obliged to keep said way in repair . . .” G.L.c. 84, §§15, 18.
Although arguably vague, the complaint alleges that the Bugatti’s injuries were caused by “construction alterations to the . . . water, sewer, gas, electrical or other utility lines.” (Complaint, ¶32.) Thus, the most reasonable interpretation of the Bugatti’s allegation is that the BWSC caused the Bugatti’s injuries through alterations the BWSC made under the public way, ie. to its water pipes. Accordingly, the notice and presentment requirements of G.L.c. 84, §18 are inapplicable to the Bugatti’s claim. The court notes, however, that to the extent the Bugatti is alleging that its injuries were caused by a defect in the sidewalk or the way for which the BWSC is responsible, any such claim would be properly dismissed pursuant to G.L.c. 84, §18.
ORDER
For the foregoing reasons, the defendant Bosto Water and Sewer Commission’s Motion for Summary Judgment is DENIED.