Toomey, J.
Before the court is Defendant Travelers Indemnity Company’s Renewed Motion for Summary Judgment.
BACKGROUND
Defendant Travelers issued a standard automobile liability policy to one P. Pierre Tasse (“Tasse”) for the policy period January 1, 1988 to 1989. Plaintiff, who was not a member of Tasse’s household, was listed as an additional operator on the policy, for which listing Tasse paid an additional premium.
On April 10, 1988, plaintiff was injured when the automobile in which she was a passenger was involved in a three-car accident. (That automobile was not insured by the Travelers policy at issue here.) Subsequently, plaintiff applied for underinsured motorist benefits under Tasse’s policy. Defendant denied the claim on the ground that, for purposes of underin-sured motorist coverage, plaintiff was neither an insured nor a household member of an insured according to the terms of the policy.
The policy recited that it would pay underinsured motorist benefits to or for “You, or any household member.” The policy further defined the term “you” as “the person named on the Coverage Selections Page.” Defendant contended that “you” referred only to the person named at the top of the Coverage Selections Page next to the notation “This Policy is Issued To:”, to wit, Tasse. Plaintiff countered that she must be considered an insured under the policy because her name does in fact appear on the Coverage Selections Page, albeit at the bottom as a listed operator.
This court (Butler, J.), by order dated April 30, 1993, earlier considered and denied defendant’s motion for summary judgment. Judge Butler’s decision was based, at least in part, on the fact that it was then unclear to the court why defendant charged an additional premium to add plaintiff as an operator if, because she was neither an insured nor a household member, coverage was to be denied. Judge Butler observed that the language of a disclaimer in the policy tracked the policy provisions governing collision, not bodily injury, coverage.[1] Further, Judge Butler noted that, aside from the policy provisions which governed collision coverage, the policy did not contemplate other circumstances in which additional operators of insured vehicles should be listed.
From the terms of the policy itself, it appeared that only household members are required to be listed as additional operators in order to avoid a denial of coverage. Tasse, nonetheless, paid an additional premium to have plaintiff, a nonmember of his household, listed as an operator. In his affidavit, Tasse stated that, at the time he arranged to have plaintiff listed as an operator on his auto insurance policy, it was his understanding “from the auto policy” that she would have the benefit of all of the insurance benefits described in the policy. See Exhibit C to Plaintiffs Opposition. Judge Butler concluded that defendant’s acceptance of an additional premium to add plaintiff as a listed operator under the policy, insofar as it apparently was not necessary, raised a genuine issue of material fact, viz, whether inclusion of plaintiffs name on the policy was the result of a mutual mistake or whether defendant accepted plaintiff as a household member and was thereby estopped from denying coverage.
In its Renewed Motion for Summary Judgment, defendant claims that an affidavit from its former marketing and underwriting manager resolves the factual issues identified by Judge Butler and entitles it to judgment as a matter of law.
DISCUSSION
Summary judgment shall be granted when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The interpretation of insurance contracts typically presents issues of pure law for the court to decide. Monadnock Display Fireworks v. Andover, 388 Mass. 153 (1983).
Defendant asserts in its renewed motion that the affidavit of its former marketing and underwriting manager, Jay Johnson, resolves any outstanding issues of material fact. Defendant states that any additional premium charged for adding plaintiff as an operator on Tasse’s policy is attributable to increased rates for coverages other than underinsured motorist coverage, reflecting the additional risk to the company when a covered automobile occasionally is operated by an inexperienced driver. In his affidavit, Mr. Johnson states that “(t]he inclusion of Bridget Henighan as an additional operator on Mr. Tasse’s policy in 1988 would not have resulted in any increased premium with respect to the underinsured coverage on Mr. Tasse’s policy.” Johnson Aff. at para. 9.
Defendant urges that its intention was to provide underinsured motorist coverage only for the policy owner or members of his household. If so, the policy language itself gives rise to an ambiguity with respect to the underinsured motorist coverage. This ambiguity is not resolved by Mr. Johnson’s affidavit; indeed, it is made more intractable when considered in the context of other coverages provided by the policy which, defendant admits, do indeed provide insurance coverage for the benefit of the plaintiff. Neither the policy nor the insurance application discussed at length in Mr. Johnson’s affidavit indicates that insurance for an additional operator is provided under some coverage provisions and not under others.
*352 Furthermore, the application attached to defendant’s memorandum seeks “INFORMATION ON OPERATOR(S) TO BE INSURED" (emphasis supplied). Immediately below that heading is a block, printed in reverse bold, which states:
Your failure to list a household member may have very serious consequences. We will not pay for a collision or limited collision loss for an accident which occurs while your auto is being operated by a household member who is not listed as an operator on your policy . . . (emphasis supplied).
There is no indication that additional operators who are not household members will not be insured for loss resulting from the negligence of an underinsured motorist.
The ambiguity must be resolved against the defendant insurer. See Cody v. Conn. General Life Ins. Co., 387 Mass. 142, 146 (1982) (ambiguous policy language construed against the insurer). Although defendant cites Santos v. Lumbermens Mutual Casualty Co., 408 Mass. 70, 75 (1990), for the proposition that “you” refers to the owner of the policy, that case does not resolve the ambiguity at bar because the injured party in Santos was a member of the policy owner’s household. The ambiguity remains at bar, as does the genuine issue of material fact, the resolution of which must be left to a trial.
ORDER
In light of the foregoing discussion, defendant’s renewed motion for summary judgment is DENIED.

On the bottom right comer of the Coverage Selections Page the following disclaimer appears next to the space allocated for listing additional operators: “Your failure to list a household member may have very serious consequences. We will not pay for a collision . . . loss for an accident which occurs while your auto is being operated by a household member who is not listed as an operator on your policy: payment is withheld when the household member, if listed, would require the payment of [an] additional premium on your policy because the household member would be classified as an inexperienced operator or would require the payment of an Unsafe Driver Point Surcharge on your policy under the Safe Driver Insurance Plan” (emphasis supplied).