Houston, J.
Defendant TRW Credit Data, Inc. (TRW) brings this motion for judgment on the pleadings seeking dismissal of John I. Izuchukwu’s (Izuchukwu’s) complaint against it for having wrongfully provided Izuchukwu’s credit report to codefen-dant Filene’s Basement (Filene’s). Izuchukwu claims that TRW should not have provided his credit information to Filene’s because he was not seeking credit but rather was seeking to pay for goods with a check. For the reasons set forth below, TRW’s motion is ALLOWED.
DISCUSSION
TRW brings this motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), thereby admitting all of the allegations in the complaint and claiming that no material issue of fact remains for adjudication. Such a motion is to be treated as one for summary judgment. Mass.R.Civ.P. 12(c). Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56; Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
TRW claims that it is entitled to summary judgment because under the law as interpreted by the Federal Trade Commission (FTC) it lawfully provided consumer information about Izuchukwu at Filene’s request. In his opposition to this motion, Izuchukwu asserts that when he tendered a check for goods at Filene’s, he had no expectation that the store would contact a credit information service, and did not give his consent for a release of his credit report. He claims that TRW’s release of his credit report was unwarranted because checks have historically been considered cash since they are negotiable upon receipt (the check can be drawn immediately) thereby requiring no extension of credit. While it may be the case that checks have been considered cash in the past, consumer credit information is relevant to the tender of a check according to the FTC.
The Federal Fair Credit Reporting Act (FCRA) governs situations in which consumer reports may be released. 15 U.S.C. §§1681-1681t (1970). Section 1681b of the act specifically provides for a release of credit reports to a person who is involved in a business transaction and has a legitimate business need for the information.[2] Furthermore, the FTC, which is authorized to interpret, administer and enforce the FCRA pursuant to 15 U.S.C. §168 Is (a), has issued commentary regarding its interpretation of the FCRA.[3] FTC Commercial Practices 16 C.F.R. Sec. §§et seq., 55 FR 18808 (1990); 16 CFR 1.73 (1971). The FTC’s interpretation of a legitimate business need includes transactions in which a consumer offers to purchase goods with a check.[4] Therefore, TRW’s release of Izuchukwu’s credit report to Filene’s when he offered to pay by check was allowable under the federal consumer protection law which governs the release of personal credit reports, according to the interpretation of the FTC as the agency which is authorized to administer the FCRA.
The interpretation of an administrative agency should be given considerable weight, and should not be disregarded unless the agency has adopted an impermissible construction of the statute. U.S. v. LaBonte, 70 F.3d 1396 (1st Cir. 1995), citing Chevron, U.S.A, Inc. v. Natural Resources Defense Counsel, 467 U.S. 837, 842-43 (1984). A court may not “substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.” Chevron, 467 U.S. at 844, citing e.g. INS. v. Jong Ha Wang, 450 U.S. 139, 144 (1981); Train v. Natural Resources Defense Council, Inc. 421 U.S. at 87 (1974). A customer’s tender of a check creates a risk on the part of the business, and is therefore a form of credit reasonably giving rise to a legitimate business need for the release of the customer’s credit report.
TRW has met its burden to show that because TRWs actions in releasing Izuchukwu’s consumer report to Filene’s were proper, there is no issue of material fact that remains to be adjudicated, and TRW is entitled to judgment as a matter of law.
ORDER
Based on the foregoing reasons, TRWs motion for judgment on the pleadings is ALLOWED.

“A consumer reporting agency may furnish a consumer report under the following circumstances and no other: . . . (3) To a person which it has reason to believe ... (E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.” 15 U.S.C. §1681b. (1970).

The Federal Trade Commission states the nature and purpose of the interpretation of the Fair Credit Reporting Act as follows: “(1) The Commission issues and causes to be published in the Federal Register interpretations of the provisions of the Fair Credit Reporting Act on its own initiative or pursuant to the application of any person when it appears to the Commission that guidance as to the legal requirements of the Act would be in the public interest and would serve to bring about more widespread and equitable observance of the Act. (2) The interpretations are not substantive rules and do not have the force or effect of statutory provisions. They are guidelines intended as clarification of the Fair Credit Reporting Act, and, like industry guides, are advisory in nature. They represent the Commission’s view as to what a particular provision of the Fair Credit Reporting Act means for the guidance of the public in conducting its affairs in conformity with that Act, . .” 16 C.F.R. §1.73(a), 36 FR 9293 (1971).
Furthermore, “The Commentary sets forth some interpretations that differ from those previously expressed by the Commission or its staff, and is intended to supersede all prior *273 formal Commission interpretations, informal staff opinion letters, and the staff manual...” 16 CFRPt. 600, App. (1979).

Section 604(3) (E) provides that “A consumer reporting agency may issue a consumer report to ’a person which it has reason to believe * * * otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.’ ... 3. Under this subsection, a party has a permissible purpose to obtain a consumer report on a consumer for use in connection with some action the consumer takes from which he or she might expect to receive a benefit that is more specifically covered by subsections (A), (B), or (C). For example, a consumer report may be obtained on a consumer who applies to rent an apartment, offers to pay for goods with a check, .. .” (emphasis added). 16 CFR Pt. 600, App. (1979).