Brassard, J.
INTRODUCTION
The plaintiff, Utica Mutual Insurance Company (“Utica”), brought this action for declaratory judgment against Thomas L. Gieschi (“Gieschi”), and Raymond J. Durocher, Jr., and Paula J. Durocher (the “Durochers”). In essence, Utica asks this court to determine whether insurance coverage exists for Gieschi under either of two errors and omissions insurance policies; the first issued by Utica to the Thomas L. Gieschi Insurance Agency (“Gieschi Insurance”) and the second issued by Utica to the Herbert M. Passo Insurance Agency (“Passo Insurance”). This matter is now before the court on Utica’s motion for summary judgment.[3] For the reasons set forth below, Utica’s motion for summary judgment is ALLOWED in part and DENIED in part.
FACTS
Gieschi Insurance, working as an insurance agent for Commerce Insurance Company, produced two motor vehicle policies for the Durochers’ household. The first policy was issued to Nicole M. Durocher, Raymond Durocher’s daughter, and was effective from January 9, 1989, to January 9, 1990. The second policy was issued to Raymond Durocher, covering two motorcycles, and was effective from June 6, 1989, to June 6, 1990. It is alleged that in September 1989, the Durochers told Gieschi to cancel the motorcycle policy because their sons were returning to school. It is further alleged that Gieschi failed to cancel the motorcycle policy and later advised the Durochers that the plates expired on December 31, 1989, and that they should wait until then to cancel the policy. The policy was cancelled on January 1, 1990.
The alleged failure to cancel the motorcycle policy is important as Raymond Durocher was in an automobile accident on November 18, 1989. It is alleged that, because Raymond Durocher’s motorcycle policy was in his own name and was still in effect, his underinsured motorist coverage was effectively reduced from $100,000 to $20,000.[4] The Durochers thereafter brought suit against Gieschi (Hampden Superior Court Civil Action No. 92-640) based upon his negligence in not cancelling the motorcycle policy.
The current action sprouts from the aforementioned claim as the Durochers ultimately seek to recover damages through one of two errors and omissions policies, which are the subject of this declaratory action.[5] The first policy was a claims-made errors and omissions policy issued by Utica to Gieschi Insurance effective from October 10, 1989, to October 10, 1990 (“Gieschi Policy”). The second policy was a claims-made errors and omissions policy issued by Utica to Passo Insurance effective from September 1, 1991, to September 1, 1992 (“Passo Policy”).
While the above events were taking place, on June 30, 1989, Gieschi Insurance entered into a Purchase and Sale Agreement with Passo Insurance for the sale and transfer of Gieschi Insurance’s book of business. In July 1989, Gieschi relocated his office into Passo Insurance’s office space. In November 1989, the parties amended the Purchase and Sale Agreement to take effect on January 1, 1990. The Durochers assert that Gieschi’s negligence entitles them to recovery under the Gieschi Policy and that the relationship between Gieschi Insurance and Passo Insurance entitles them to recovery under the Passo Policy.
DISCUSSION
A. Summary Judgment Standard of Review
Summary judgment is appropriate where there are no genuine issues of material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “Summary judgment, when appropriate, may be rendered against the moving party.” Thattil v. Dominican Sisters of Charity of the Presentation of the Blessed Virgin, Inc., 415 Mass. 381, 385 (1993); Mass.R.Civ.P. 56(c).
B. Analysis
Utica asks this court to grant summary judgment in its favor concerning the interpretation and effect of two errors and omissions policies. “A declaratory judgment in an action provides an appropriate means of deciding a dispute concerning the meaning of language in an insurance policy. The responsibility of construing the language of an insurance contract is a question of law for the trial judge, and then for the reviewing court.” Thattil v. Dominican Sisters of Charity of the Presentation of the Blessed Virgin, Inc., supra at 385 n.6 (citations omitted).
*361 1. Gieschi Policy
The Durochers’ attempt to recover under the Gieschi Policy is based upon a July 23, 1990, telephone call from the Durochers’ counsel, Attorney Patricia Martinelli. Attorney Martinelli telephoned Gieschi, told him she was representing the Durochers in connection with Raymond Durocher’s accident, asked him about the Durocher household’s applicable insurance policies, and told him that by listing the motorcycle policy in Raymond Durocher’s name and failing to cancel the policy he limited Raymond Durocher’s underinsurance coverage to $20,000.[6] Utica argues Attorney Martinelli’s telephone call was not a proper claim under the Gieschi Policy. This court agrees.
Under the Gieschi Policy a claim “shall mean a demand received by the insured for monetary damages or services including the service of suit or institution of arbitration proceedings against the insured.” Attorney Martinelli’s telephone call cannot be so characterized as a proper demand. Attorney Martinelli stated she was representing the Durochers, obtained information about their insurance policies, and stated that Gieschi caused the underinsurance coverage to drop from $100,000 to $20,000. Attorney Martinelli’s affidavit demonstrates that she was gathering information, not demanding “monetary damages or services.” As such, no claim was made during the policy period. Although the conversation between Attorney Martinelli and Gieschi approaches the threshold of stating a claim, she did not take the final step of making a demand for payment of monetary damages.
Moreover, an alternate theory of recovery under the Gieschi Policy’s extended discovery period also fails. Paragraph nine of the Gieschi Policy provided for an extended discovery period for claims if Gieschi became aware of an act that “is reasonably expected to give rise to a claim against him ...” While Attorney Martinelli’s telephone call did indicate that a claim may be forthcoming, Gieschi failed to give written notice to Utica of the potential claim during the policy period, as required by paragraph nine of the Gieschi Policy. Utica’s first knowledge of a claim, or potential claim, occurred shortly after Attorney Martinelli’s letter to Gieschi dated September 26, 1991. Because the claims-made Gieschi Policy expired on October 10, 1990, and Gieschi had not given written notice of a potential claim, the extended discovery period is to no avail. “[T]he violation of a policy provision should bar coverage only where the breach frustrates the purpose underlying that provision.” SarnafiL, Inc. v. Peerless Ins. Co., 418 Mass. 295, 302 (1994), quoting Augat, Inc. v. Liberty Mutual Ins. Co., 410 Mass. 117, 123 (1991). Failure to give notice to Utica until well after the claims-made policy expired frustrates the essence of this claims-made errors and omissions policy. Utica was entitled to know of the existence of the claim before the expiration of the policy. As such, Gieschi is afforded no coverage under the Gieschi Policy and summary judgment is granted in favor of Utica.
2. Passo Policy
There is no dispute over whether a claim was made under the Passo Policy as Attorney Martinelli’s September 26, 1991, letter was forwarded to Utica shortly thereafter and the Durochers filed suit in April 1992. Both of these events occurred during the policy period. The dispute over the Passo Policy is whether Gieschi is covered under that policy due to the relationship between Gieschi Insurance and Passo Insurance.
After reviewing the summary judgment record, it is apparent that a genuine issue of material fact exists preventing the entry of summary judgment for either party. It is for the trier of fact to determine whether Gieschi’s relationship with Passo Insurance, and the fact that “Giesch [sic] — Passo Insurance” is listed as an additional insured, provide coverage for Gieschi’s alleged error. Moreover, the insured listed on the Passo Policy is “Herbert M. Passo Insurance,” who is not a party to this action. G.L.c. 231 A, §8 provides that “all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." As “Herbert M. Passo Insurance” is not a party, a declaration affecting its policy may be inappropriate.
ORDER
Based upon the foregoing reasons, it is hereby ORDERED that Utica’s motion for summary judgment is ALLOWED as to the Gieschi Policy and DENIED as to the Passo Policy.

In response to Utica’s motion for summary judgment, the Durochers’ counsel submitted an opposition and request for partial summary judgment in favor of Gieschi, along with an accompanying memorandum. Utica moves to strike the request for partial summary judgment. As Mass.R.Civ.P. 56(c) permits the court to enter summary judgment against the moving party, Utica’s motion is denied and the point is moot.

Nicole M. Durocher’s insurance policy had a limit of $100,000 for underinsurance coverage and Raymond Durocher’s insurance policy had a limit of $20,000 for under-insurance coverage. The Durochers argue that if the motorcycle policy in Raymond Durocher’s name was cancelled, he could have recovered up to $100,000 in underinsurance coverage under his daughter’s policy.

The court (Neel, J.) denied defendants’ motion to change venue on October 29, 1993.

The Durochers also had motor vehicle insurance through their business, Durocher’s Catering, Inc., and Raymond Durocher was driving one of its vans when the accident occurred. Neither party, however, argues that that policy is relevant here.