Volterra, J.
On August 23, 1995, plaintiff Edgar Carlson (Carlson), the owner and landlord of the premises known as 392 Granite Street, Quincy, Massachusetts (property), served defendant/tenant Robert Cook (Cook) notice to quit. In November, Carlson brought supplementary process against Cook to recover past-due rent. On December 15, 1995 judgment was entered by the Quincy District Court for the plaintiff with possession and damages. Cook appealed the decision to the Superior Court. Carlson moved for summary judgment arguing that, as a matter of law, he is so entitled because there are no material facts in dispute.
*66 Defendant Cook, in opposition to the motion for summary judgment argues that there are material facts in dispute. According to Cook, the termination of the tenancy at will was in retaliation to certain actions undertaken by the defendant.
For the reasons discussed below, Carlson’s motion for summary judgment is denied as there are material facts in dispute and Cook’s defenses should be tried.
DISCUSSION
On June 20, 1995, Cook sent Carlson a certified letter describing hazardous conditions in the hallway of the property and a slip-fall accident suffered by Cook on June 13, 1995 as a result of said conditions. Cook requested that hazardous conditions be corrected and noted that if his suffered injuries proved serious, he would require insurance information from Carlson.
On August 22, 1995, Cook, through counsel, sent Carlson a certified letter regarding a slip-fall accident Cook suffered on the property on June 13, 1995. A copy of the letter was also sent to the Quincy Board of Health. The next day, Carlson served, by constable, Cook a notice to quit by October 4, 1995.
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass 14, 16-17 (1989). To determine if there is a genuine issue of material fact, the court must draw all inferences from the underlying facts in the light most favorable to the party opposing the motion. Attorney General v. Bailey, 386 Mass. 367, 371, 436 N.E.2d 139, 143 (1982). Also, the court must resolve against the moving party all doubt concerning the existence of material fact. Id. “If the moving parly establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion.” Pederson, supra, 404 Mass. at 17.
Under G.L.c. 186, §13, a tenancy at will may be terminated upon operation of law or act by the landlord. A tenant need only be given written notice of such intent and time to make other arrangements. The relevant section provides a time of either thirty days or a period equal to the interval between days on which rent is payable, whichever is longer. G.L.c. 186, §13. Under G.L.c. 239, §2A, however, a termination of tenancy against a tenant who has within the previous six months commenced a judicial or administrative action to enforce rights associated with the regulation of residential premises creates the rebuttable presumption of retaliatory eviction. A demonstration of retaliatory eviction is a defense to summary process. A landlord may only rebut the presumption by clear and convincing evidence that the action was not a reprisal, but.that sufficient independent justification for the termination exists. G.L.c. 239, §2A.
In the instant case the plaintiff has not met his burden of demonstrating sufficient independent facts to explain the presumption of retaliation created by his notice of eviction as against Cook’s letter of August 22, 1995 to Quincy Board of Health describing possible housing code violations.
ORDER
Based upon the foregoing, it is hereby ordered that plaintiffs motion for summary judgment is DENIED.