Cratsley, J.
Introduction
These motions are before the court pursuant to the plaintiffs’, as enumerated above, and third-party defendant’s, Jon Davis (“Davis”), special motions to dismiss under G.L.c. 231, §59H. The plaintiffs and third-party defendant, Davis, also filed motions for summary judgment alleging in essence the same defenses raised in the special motions to dismiss. The defendant/third-party plaintiff, Colonial Title & Escrow, Inc. (“Colonial Title”), opposes all of the motions and claims that there are genuine issues of material fact that preclude the grant of plaintiffs’ and Davis’ motions for summary judgment. Colonial Title also argues that the moving parties have not sustained their burden under §59H and thus the court should deny their special motions to dismiss. For the reasons set forth below, this Court GRANTS the plaintiffs’ special motion to dismiss under c. 231, §59H, but DENIES Davis’ special motion to dismiss and his motion for summary judgment.
FACTUAL BACKGROUND
The following facts are taken from the materials submitted by all parties involved in these motions:
*104 Colonial Title was incorporated in Rhode Island in September 1992. In its filing with the Rhode Island Secretary of State’s Office, Colonial Title states that it was incorporated to, “engage in and carry on the business of searching real estate title, closing loans, and to engage in and cany on any lawful act or activity for which corporations may be organized under the Rhode Island Business Corporations Act.”
Joseph Párente (“Párente”) and John S. Sweeny (“Sweeny”) are officers, directors and shareholders of Colonial Title. In their affidavits dated July 23, 1998, Párente and Sweeny contend that Colonial Title is engaged in title search work, settlement services to the extent of notarizing documents, and obtaining signatures at settlements. Colonial Title acted as a closing agent for mortgage companies; basically out-of-state mortgage companies operating in Massachusetts. Colonial Title has not operated as a closing agent since June 1996. Since June 1996 Colonial Title has operated as a servicing company for attorneys. Colonial Title has set up real estate files, conducted title work, obtained pay-offs, recorded discharges and closed loans. Support staff in Colonial Title’s office obtained pay-offs, insurance binders, ordered plot plans, ordered title, and made sure that the company had all necessary documents that a bank might request in order to proceed with the settlement of a mortgage loan. [See Exhibits 11 and 12 in support of their opposition to the motions for summary judgment and special motions to dismiss.]
In March 1996 the Massachusetts Association of Bank Counsels (“MABC”) held a dinner forum to permit members of the conveyancing bar to discuss issues that they had in common with title insurance company representatives. Davis is a member of the Board of Directors of both the MABC and the Massachusetts Conveyancers Association (“MCA”). The MABC and the MCA are bar associations whose members are attorneys engaged in the practice of real estate law. Davis is also the Chairman of the MCA’s Practice of Law by Non-Lawyers Committee.
Davis informed those present at the meeting that certain non-attorneys were engaged in closing real estate loans in Massachusetts, and cited Colonial Title as a specific example of an entity engaged in the unauthorized practice of law. Davis added that litigation was imminent against Colonial Title. He then asked the title insurance company representatives who were present at the meeting how they could justify having a relationship with an entity they knew was violating the law. Peter Norden (“Norden”), of First American Title Insurance Company, responded that his company would continue to do business with whatever entities it chose until a Court determined that the entity was violating the law.
After the meeting Davis telephoned Mr. Norden regarding the extent to which a non-lawyer could participate in residential real estate closings. In that conversation Davis advocated to Norden that First American was aiding and abetting Colonial Title’s unauthorized practice of law by issuing an insured closing letter for Colonial Title. Around June 1996 First American withdrew its insured closing letters for all non-attorney closing agents, including Colonial Tide.
In April 1996 Tom Flynn (“Flynn”), of Stewart Title Guaranty Company, terminated its Agency Agreement with Colonial Title. In the excerpts of Flynn’s deposition dated March 10, 1998 he stated that Stewart’s relationship with Colonial Title made it more difficult to promote Stewart Title with existing and prospective agents. He testified that he did not remember what happened at the dinner forum but that no one caused his company to terminate its relationship with Colonial Title. Nevertheless, Flynn insisted that Stewart Title decided to terminate the relationship on its own. [See Exhibit J submitted in support of plaintiffs’ motion for summary judgment.]
DISCUSSION
I. Plaintiffs’ Special Motion To Dismiss
Section 59H of G.L.c. 231 provides, in part:
In any case in which a parly asserts that the civil claims, counterclaims or cross claims against said party are based on said party’s exercise of its right of petition under the constitution, said party may bring a special motion to dismiss ... The court shall grant such special motion, unless the party against whom such special motion is made shows that 1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law, and 2) the moving party’s acts caused actual injury to the responding party.
The special movant who asserts protection for its petitioning activities has to make a threshold showing through the pleadings and affidavits that the claims against it are based on the petitioning activities. Duracraft Corp v. Holmes Products Corp., 427 Mass. 156, 167-68 (1998). Once the special movant so demonstrates, the burden shifts to the nomnoving party as provided in the anti-SLAPP statute. Id.; G.L.c. 231, §59H.
A) Colonial Title’s Counterclaims against the Bar Associations[4]
Colonial Title has filed four counterclaims against the plaintiffs bar associations. These are for (1) Interference with Business Relationship, (2) Civil Conspiracy, (3) Violation of G.L.c. 93A, and (4) Violation of Anti-trust laws. First, Colonial Title argues that Mr. Davis pressured First American into canceling its insured letters resulting in harm to Colonial Title, and thus interfering with its business relationship with the insurance company. Second, to support its claim of conspiracy, Colonial Title argues that the mere association of this number of bar associations joining in this lawsuit represents, in and of itself, a civil conspir *105 acy to put Colonial Title out of business. Third, Colonial Title bases its violation of c. 93A claim on its allegation that the filing of this lawsuit is itself an effort to prevent competition. Fourth and lastly, Colonial Title argues that the plaintiffs are violating the Massachusetts Anti-Trust Act, G.L.c. 90, §§1 et seq., by illegally restraining trade. Colonial Title’s sole basis for this allegation consists of the plaintiffs’ filing of this lawsuit.
All the existing affidavits and pleadings, at this summary judgment stage, are devoid of any evidence demonstrating that the bar associations were engaged in anything other than petitioning activities. A parly’s right to petition under the statute includes, “any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding.” G.L.c. 231, §59H. The bar associations’ filing of this lawsuit against Colonial Title is a protected petitioning activity as defined by the statute — a written statement submitted to a judicial body. Therefore, the filing of the suit cannot provide a basis for Colonial Title’s counterclaims. The anti-SLAPP statute was designed specifically to address the situation involved in this case.
In addition, Colonial Title is unable to sustain its burden of demonstrating that its counterclaims have a basis other than the bar associations’ filing this lawsuit. Because the bar associations made a prima facie showing that they are engaged in protected petitioning activities, and Colonial Title failed to show that its counterclaims have a substantial basis other than or in addition to the bar associations’ petitioning activities, this Court ALLOWS the bar associations’ special motion to dismiss Colonial Title’s counterclaims.[5]
General Laws Chapter 231, §59H provides that if the court grants a special motion to dismiss, “the court shall award the moving parly costs and reasonable attorneys fees, including those incurred for the special motion and any related discovery matters.” Id. Since the bar associations have not asked for attorneys fees and costs in their pleadings, this Court is without guidance as to how much money was expended for the filing and argument of the motion. Thus, the issue of costs and attorneys fees is best left for a later motion.
II. Colonial Title’s Third-Party Claims against Davis
i) Davis’ Motion for Summary Judgment
This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving parly to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The court should not weigh evidence, assess credibility or find facts. The court may only consider undisputed material facts and apply them to the law. Kelley v. Rossi, 395 Mass. 659, 663 (1985).
Colonial Title’s third-party claims against Davis are not as easily disposed of as the counterclaims against the bar associations. In Sweeny’s affidavit submitted in support of Colonial Title’s opposition to summary judgment, he states that Flynn told him that he had to cancel Stewart Title’s relationship with Colonial Title because he had been receiving just too much pressure from the lawyers. The parties also dispute the content and tenor of the conversation between Davis and Norden, including whether Davis insisted that First American terminates its agency relationship with Colonial Title. This Court finds that the existence of these disputed facts precludes granting summary judgment in either party’s favor. Therefore, Davis’ motion for summary judgment is DENIED.[6]
ii) Davis’s Special Motion to Dismiss
Davis argues that this Court should allow his special motion to dismiss because he was only engaged in protected petitioning activities when he denounced Colonial Title for engaging in the unauthorized practice of law. As stated above, Mr. Davis has to make a threshold showing that Colonial Title’s claims against him “are based on the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Duracraft Corp., 427 Mass. at 167-68. Davis fails to make such a showing.
In its pleadings, Colonial Title refers to certain alleged actions of Davis, independent of this lawsuit, done in his attempt to close Colonial Title down. One of these alleged acts consists of a telephone conversation with Norden in which Davis is said to have insisted that First American terminate its agency with Colonial Title. That allegation alone precludes the grant of the special motion to dismiss because it means that Colonial Title’s claims against Davis are based on this alleged telephone conversation and various other acts, but not on Davis’s protected petitioning activities. See Wingwam Ass’n v. McBride, 4 Mass. L. Rptr. No. 21, 461, 462 (Worcester Super. Ct. January 15, 1996) (Kottmyer, J.) (anti-SLAPP statute not applicable when redress sought for statements and actions outside the context of petitioning the government). Accordingly, Davis may not utilize the anti-SLAPP statute to obtain dismissal of Colonial Title’s third-party claims. Davis’s special motion to dismiss is DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that:
The plaintiffs’, bar associations, special motion to dismiss Colonial Title’s counterclaims against them is ALLOWED;
Davis’ motion for summary judgment and special motion to dismiss are DENIED;
*106 The MABC’s and the MCA’s motions for summaiy judgment and special motions to dismiss are DENIED.

 This Court’s reference to the bar associations only pertains to the Bristol County, Fall River, Norfolk County, Plymouth County, Taunton, and Worcester Bar Associations, and not the MABC or the MCA.

 The decision of this Court to grant the bar associations’ special motion to dismiss eliminates the need to address their motion for summary judgment because the bar associations raise identical arguments in both motions.

 This Court also denies MABC’s and MCA’s motions for summaiy judgment and special motions to dismiss for the same reasons. Davis’ position as a member of the Board of Directors of both associations, and as the Chairman of MCA’s Practice of Law by Non-Lawyers Committee, raises similar issues of fact regarding the responsibility of these organizations for his alleged statements and/or behavior.