Velis, J.
INTRODUCTION
The plaintiffs, Benjamin R. Foster and Christopher Foster (the Fosters), bring this action pursuant to G.L.c. 40C, § 12A appealing the denial of an application for Certificate of Appropriateness and a Certificate of Hardship application by the Harvard Historical Commission (the Commission). The plaintiffs sought to build an addition to a structure located on their property in Harvard, Massachusetts. The plaintiffs now move to annul the Commission’s decision or to remand the matter to the Commission with a directive to issue the plaintiffs a Certificate of Hardship due to Failure to Act. After consideration of the parties’ submissions, [1] the plaintiffs motion for partial summary judgment is allowed.
BACKGROUND
The Fosters own the property known and numbered as 88 Shaker Road, Harvard, Massachusetts. The property is located in the town of Harvard and is referred to locally as “The Tailor Shop.”
On January 29, 1998, the Fosters filed an application for a certificate of appropriateness and an application for a certificate of hardship to construct an addition to the Tailor Shop. At a meeting on February 4, 1998, the Commission determined Fosters’ application was “substantial” and voted to schedule the application for a public hearing.
On March 18, 1998, the Commission held a public meeting and voted to deny the applications. On May 12, 1998, one hundred and seven days after the Fosters filed their applications, the Commission filed its written notice of decision denying the application with the town clerk.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
G.L.c. 40C, §12A provides that ”[a]ny person aggrieved by a determination of the commission... may, within twenty days after the filing of the notice of such determination appeal to the Superior Court. . . [t]he court shall hear all pertinent evidence and shall annul the determination of the commission if it finds the decision of the commission to be unsupported by the evidence or to exceed the authority of the commission, or may remand the case for further action by the commission or make such other decree as justice or equity may require."
The Town of Harvard enacted Protective Bylaws (Bylaw), effective as amended, June 19, 1997, with the stated purpose to promote the health, safety, convenience, morals, and welfare of its inhabitants. The Bylaw mandates the procedures that must be followed in reviewing applications for Certificates of Hardship and Certificates of Appropriateness. Specifically, Section 7(f) provides that “[t]he Commission shall decide upon the determination of any application within sixty (60) days of its filing or within such further time as the Applicant may allow in writing, and shall issue a Certificate or a disapproval.” Town of Harvard, Massachusetts, The Protective Bylaw and Selected Related Town Regulations, Section 7(f) Procedures for Review of Applications at 65. If the Commission fails, however, to issue a Certificate or a disapproval “within sixty (60) days of the filing of the application for determination or within such further time as the applicant may allow in writing, the Commission shall thereupon issue a Certificate of Hardship Due to Failure to Act.” Id. at 67. The Bylaw further mandates that “the date of the issuance of a Certificate or disapproval shall be the date of filing of such copy with the office of the Town Clerk.” Id.
The Commission maintains that summary judgment is precluded because there exists a genuine issue of material fact as to whether the Fosters were prejudiced by the Commission’s late filing of its decision with the town clerk. Further, the Commission argues that a controversy exists as to when the Fosters’ application was complete. Neither argument is persuasive.
In the instant case, the Fosters filed their application with the Commission on January 28, 1998. According to the provisions of the Bylaw — specifically the sixty-day requirement of Section 7(f) — the Commission should have acted on this application on or before March 30, 1998. The record before this court establishes that the Commission did not file its disapproval of the Fosters’ application until May 12, 1998, which *363 is significantly past the prescribed period. Accordingly, it is clear that the Commission’s failure to comply with the Bylaw’s time standards was unreasonable, arbitrary and capricious. Consequently, the Fosters are entitled to judgment as a matter of law. For this reason the decision of the Board will be annulled.
ORDER
For the foregoing reasons, it is hereby ORDERED that:
Judgment enter annulling the decision of the defendant, the Town of Harvard Historical Commission, denying the plaintiffs Benjamin R. Foster and Christopher Foster, a Certificate of Appropriateness and a Certificate of Hardship. The case is remanded to the Town of Harvard Historical Commission for issuance of the Certificate of Hardship Due to Failure to Act in accordance with Section 7(k) of the Town of Harvard’s Bylaw.

 The parties did not request a hearing on this motion, opting instead to rest on written submissions.