Toomey, J.
This case arises from the claims of the plaintiffs, Ramon A. Morales (“Ramon”) and Carlos J. Morales (“Carlos”), for uninsured motorists benefits which the plaintiff submitted to the defendant, Pilgrim Insurance Company (“Pilgrim”), as a result of injuries allegedly sustained in an automobile accident on or around February 20, 2000. Pilgrim denied the plaintiffs’ claims for uninsured motorists benefits and the plaintiffs filed an application for appointment of an arbitrator, pursuant to G.L.c. 251, §2. Pilgrim now seeks summary judgment pursuant to Mass.R.Civ.P. 56. For the following reasons, Pilgrim’s motion for summary judgment is ALLOWED.
BACKGROUND
The plaintiffs allege that, on February 20, 2000, they were involved in an automobile collision with another vehicle. At the time of the accident, Ramon owned and operated the automobile and Carlos was a passenger. Ramon’s automobile was insured by Pilgrim and was protected by uninsured motorist policy limits of $20,000 per person and $40,000 per accident. According to the plaintiffs, Ramon’s automobile was struck by an unidentified vehicle, which thereafter fled the scene of the accident.
The plaintiffs provided notice of their claims to Pilgrim in a letter dated February 23, 2000. On February 29, 2000, Pilgrim sent a letter acknowledging receipt of notice of the claim, disclosing the policy limits, requesting additional documents for its investigation and requesting that recorded statements be scheduled for each claimant.[1] The plaintiffs attended insurance company medical examinations. The plaintiffs filed timely PIP applications and the defendant paid $2,000 in PIP benefits to each plaintiff.
On May 30, 2000, Pilgrim again gave notice that it wished to schedule the plaintiffs’ recorded statements. In a follow-up letter dated July 18, 2000, Pilgrim further requested statements from the plaintiffs and emphasized the plaintiffs’ duty to cooperate with the investigation of the claim. Pilgrim retained the services of an independent investigator, Robert Diaz, to obtain statements from the plaintiffs. Diaz made numerous attempts to schedule recorded statements, but was advised that plaintiffs’ counsel was unavailable. Plaintiffs’ counsel and Diaz finally scheduled the plaintiffs’ statements for August 8, 2000. On August 7, 2000, however, Diaz, who was bilingual, was informed by the plaintiffs’ counsel, that plaintiffs would refuse to proceed with the statements because Diaz was unable to serve as an unbiased interpreter.
On December 13, 2000, as a result of plaintiffs’ refusal to provide a recorded statement, defense counsel sent a formal written request to schedule the examinations under oath (“EUO”). The EUOs were initially scheduled for January 31, 2001, at 10:00 a.m. and 12:00 p.m., respectively but were subsequently continued to February 28, 2001.
On February 28, 2001, defense counsel traveled to Worcester to conduct the EUO of the plaintiffs. Plaintiffs refused to proceed with the EUO unless each plaintiff was present during the others’ testimony, a condition unacceptable to defendant. The EUO did not go forward. As a consequence, on March 1, 2001, Pilgrim denied the plaintiffs’ claims and refused to provide any further benefits under the insurance policy on the grounds of plaintiffs’ want of cooperation. The plaintiffs then initiated this suit, seeking that the Court appoint an arbitrator.
DISCUSSION
Summary judgment will be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In assessing a Rule 56 motion, “The evidence of the non-movant is to be believed and all justifiable inferences Eire to be drawn in his favor .’’Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoted with approval in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991)). Of course, “the nonmoving party may not simply rest on pleadings, but his response, by affida *168 vits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991). No such showing has been made at bar.
Pilgrim argues that there is a failure of a condition precedent to any duty it owes the plaintiffs because the plaintiffs have not complied with requests, pursuant to the insurance policy, to provide an EUO in connection with their claims. In opposition, the plaintiffs contend that there is no legal obligation under the Policy to conduct each plaintiffs EUO separately, and that plaintiffs were ready and willing to proceed with the EUO, albeit in each other’s presence. Plaintiffs further argue that Pilgrim’s requests for EUO were unreasonably late.
An examination under oath, demanded by the insurer, is a condition precedent to recovery under an insurance policy and a claimant’s failure to submit to such an examination constitutes a material breach of the insurance contract. Mello v. Hingham Mutual Fire Ins. Co., 421 Mass. 333, 337 (1995) (citations omitted). If the condition is not satisfied, the contract, or obligations attached to the condition, may not be enforced against the insurer. Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers, 411 Mass. 39, 45 (1991) (citations omitted).
Although plaintiffs may not have had a duty to cooperate with Pilgrim’s demand for a recorded statement, they were required under Massachusetts law and the Policy to comply with an insurer’s request for EUOs. See Mello, 421 Mass. at 337. Pilgrim corresponded on several occasions with plaintiffs’ counsel; that correspondence unequivocally requested both recorded statements and examinations under oath. The plaintiffs were obligated by the Policy to comply with Pilgrim’s requests, but they failed to do so.
The defendant was reasonable in its requests for EUOs. The plaintiffs were allegedly involved in an accident with an unidentified vehicle that left the scene of the accident. The plaintiffs never provided any information pertaining to the departed vehicle nor did they identify any witnesses to the accident. Accordingly, the only effective way the defendant could complete its investigation of this matter was to speak with the plaintiffs. Based on numerous failed attempts to schedule recorded statements, the defendant requested the EUOs. In order to accommodate the plaintiffs, Pilgrim’s counsel traveled to Worcester to conduct the EUOs on February 28, 2001, but plaintiffs’ counsel advised defendant’s counsel, upon the latter’s arrival in Worcester, that he would not allow the EUOs to proceed unless each claimant could be present during the examination of the other claimant. Defendant’s counsel balked at the prospect of a joint EUO.
The plaintiffs’ refusal to proceed with individual EUOs amounted to a failure to submit to the examination. The Policy contains explicit language which authorizes Pilgrim to take sworn statements of its insured. Consistent testimony pertaining to how an accident occurred provides the insurer with some indicia that plaintiffs’ accounts are true and that the claim ought to be paid. The converse is, of course, also true. The right to take separate EUOs allows insurers to ascertain the legitimacy of claims by determining whether claimants’ versions of the same accident are consistent. On the other hand, the potential for mischief in joint EUOs is manifest; if claimants were allowed to tailor their responses to those of their fellows, the objectives of ascertaining consistency vel non would plainly be frustrated. The prospect of collusion is too great to be ignored and, accordingly, an insistence upon a common EUO is tantamount to a refusal of cooperation and excuses the insurer from its obligations under the Policy.
There is plainly no merit to the plaintiffs’ argument that summary judgment should be denied on the grounds that notice to the plaintiffs was unreasonably delayed and that its tardiness ought excuse plaintiffs from giving sworn statements regarding their claims. Although Pilgrim did not request EUOs until ten months after the accident, Pilgrim had earlier requested recorded statements from the plaintiffs on February 29, 2000, only nine days after the alleged accident. The repeated frustration of its efforts to obtain recorded statements pertaining to a matter wherein only plaintiffs could cast light on the determinative factual circumstances moved Pilgrim to issue the December 13, 2000 request for EUOs. There is, at bar, no persuasive suggestion that the notice of December 13, 2000 was unreasonable under those circumstances.
The instant record demonstrates that there is no genuine issue of material fact that the plaintiffs breached the terms of the Policy by failing to cooperate with a reasonable request for EUOs. Accordingly, defendant’s denial of plaintiffs’ claims is legally unassailable. Plaintiffs are not entitled to the appointment of an arbitrator in a matter where, because of their own breach of the conditions precedent to defendant’s liability, the employment of an arbitrator would be an exercise in futility.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED.

 The Standard Massachusetts Automobile Insurance Policy (6th ed. j (“Policy") under which plaintiffs have brought their complaint provided that, when there is an accident or loss, the insurer may “require you and any person seeking payment under any part of this policy to submit to an examination under oath at a place designated by us, within a reasonable time after we are notified of the claim.” The Policy also recited that “failure to cooperate with [the insurer] may result in the denial of your claim.” Id.