Murphy, J.
The plaintiff, Zaida I. Valentin (“Valentin”), brought this action against the defendant, Premier Insurance Company (“Premier”) alleging that Premier breached its contract of insurance with Valentin by refusing to pay benefits under the Personal Injury Protection provisions of Valentin’s automobile insurance policy. The matter is before the Court on Premier’s motion for summary judgment. For the reasons detailed below, Premier’s motion for summary judgment is DENIED.

BACKGROUND

Valentin was involved in a motor vehicle accident on October 13, 1999 She received treatment at St Vincent Hospital on the date of the accident and began chiropractic treatment on October 18, 1999. Additionally, Valentin was seen at Worcester Memorial Hospital on October 22, 1999. Valentin visited the chiropractor twenty-five times, concluding her treatment on January 26, 2000. Her medical expenses totaled $3,752.
Valentin informed Premier that she was injured in the accident and Premier sent her an application for *655 PIP benefits on October 18, 1999. Valentin did not return a completed application and Premier sent further application forms to Valentin in care of her attorney on December 6, 1999 and January 3, 2000. The January mailing was accompanied by correspondence stating that any PIP claim would be denied if Valentin did not return a completed application within a week. With no response from Valentin or her attorney, Premier denied her claim on January 18, 2000, contending that she breached her statutory and contractual duty to cooperate with Premier’s claims investigation by failing to submit a completed PIP application “as soon as practicable." Valentin furnished a completed PIP application on January 20, 2000.
Valentin sued Premier for unpaid benefits in Westborough District Court. The District Court (Stoddard, J.) found for Premier and Valentin transferred the case to this Court for a jury trial pursuant to G.L. c. 231, §104.

DISCUSSION

The court will grant summary judgment where there are no genuine issues of material fact and where the record, including the.pleadings and affidavits, entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and showing that summary judgment entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party satisfies this burden by submitting affirmative evidence refuting an essential element of the opposing party’s case, or by showing that the opposing party has no reasonable expectation of proving an essential element of its case at trial. O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000). The court, for purposes of summary judgment, will review the facts and all reasonable inferences from those facts in the light most favorable to the non-moving party. Ford Motor Co., Inc. v. Barrett, 403 Mass. 240, 242 (1988).
I.
PIP benefits are available pursuant to G.L.c. 90, §34M for all reasonable and necessary medical expenses an insured incurs as a result of an automobile accident. The statute obligates the insured to submit a PIP claim “as soon as practicable . . . and in every case within at least two years from the date of the accident.” The statute and the insurance policy also require that an insured cooperate with his or her insurance carrier’s claim investigation and “do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due . . .” G.L.c. 90, §34M.
Premier contends that it need not show that its claims investigation was prejudiced by Valentin’s failure to submit a PIP application at an earlier date. It asserts that any failure of a duty to cooperate is an absolute defense to Valentin’s claims. It is true that certain failures to cooperate with an insurance company’s claim investigation may release the insurer from any obligation to pay benefits without requiring the company to show that it was prejudiced by the insured’s actions. These failures, which include refusal to submit to an independent medical examination or examination under oath, are characterized as “conditions precedent” to enforcement of the insurance contract. Mello v. Hingham Mutual Fire Insurance Co., 421 Mass. 331, 337 (1995). However, not every assertion of a failure to cooperate rises to a condition precedent. In matters such as untimely notice, consent to settlement agreements and, under certain circumstances, when an insured’s general duty to cooperate is implicated, an insurance company must demonstrate that it has been prejudiced by the claimant’s actions. Darcy v. Hartford Insurance Co., 407 Mass. 481, 489-90 (1990). In such cases, the burden is on the insurance company to show that the alleged prejudice is actual, material and specific by describing the exact manner in which its interests have been prejudiced. Employer Liability Assurance Co., Ltd. v. Hoechst Celanese Corp., 43 Mass.App.Ct. 465, 476 (1997).
In the context of this case, the condition precedent is set in the statute when it commands that all PIP claims must be submitted within two years from the date of the accident. Claims submitted after two years may be denied without requiring the insurer to demonstrate that it has been prejudiced. However, a three-month delay in submitting the PIP application does not rise to that level. A delay of that length is analogous to a charge of untimely notice which may allow the insurer to avoid its contractual obligations only upon a specific showing of prejudice.
II.
Premier states that it was prejudiced by Valentin’s failure to complete a PIP application within three months because the application contains medical authorizations. These authorizations are required before Premier can obtain the information it needs to determine whether the treatment rendered is reasonable and necessary. This may be true, but it is an assertion unsupported by any evidence on the summary judgment record currently before the Court. Valentin points to this lack of evidence to argue that Premier has waived the question of prejudice. The Court concludes that Premier has not waived the issue since it raised the possibility of prejudice. However, the Court concludes that the question of whether Premier was prejudiced by Valentin’s actions raises a genuine issue of material fact which precludes the grant of summary judgment here.

ORDER

For the foregoing reasons, defendant Premier Insurance Company’s motion for summary judgment is DENIED.