Rufo, Robert C., J.
This action arose following an incident in which a dog, owned by the defendants, bit the plaintiff during the dog’s treatment at a veterinary clinic. The plaintiff asserted a (1) G.L.c. 140, §155 claim and (2) negligence claim against the defendants. The defendants have moved for summary judgment on both claims. For the following reasons, the defendants’ motion on the G.L.c. 140, §155 claim (Count I) is ALLOWED and on the negligence claim (Count II) is DENIED.

FACTUAL BACKGROUND

As required by Mass.R.Civ.P. 56, the undisputed facts are summarized in a light most favorable to the nonmovant.
The Defendants, Craig and Kathleen Poirier, owned a dog named “Shep.” On November 28,2001, Kathleen Poirier found that the dog was ill. She brought the dog to the Buzzards Bay Veterinary Clinic (the “Clinic”). The dog had been treated at the Clinic on one prior occasion.
Mrs. Poirier stayed with the dog for a period of time, but it was subsequently determined that the dog would need to stay at the Clinic for further care. Mrs. Poirier then left the dog at the Clinic. The Plaintiff, Beverly Files (“Files”), was employed as a ward nurse at the Clinic at the time of the incident. Files and another nurse, Heather Downing (“Downing”), treated the dog in the treatment center. The dog was placed in a cage at the Clinic following treatment. Files has no recollection of any conversation with Downing regarding the dog’s behavior or condition. There were no “warning” or “use caution” notices on the dog’s file.
When Files began removing the dog from the cage, the dog bit Files. Following the dog bite, a representative from the clinic called for an ambulance. Mrs. Poirer heard the call for an ambulance to the Clinic on Mr. Poirer’s scanner-radio. Upon learning that it was their dog who bit Files, the Defendants went to the Clinic. A Clinic receptionist, Jennifer Carr (“Carr”), testified that Mr. Poirier told her that the dog had previously bitten another person at another facility. The dog was released five days later and the Defendants took the dog home.

DISCUSSION

Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

I. Files’ G.L.C. 140, §155 Claim (Count I)

Pursuant to G.L.c. 140, §155, an owner or keeper of a dog is strictly liable for damages caused by the dog. However, an “owner or keeper” is defined as a worker at a veterinary clinic who is handling the dog while it is being treated. Salisbury v. Ferioli, 49 Mass.App.Ct. 485, 489 (2000). “One involved in custody of a dog for medical care seems a most unlikely plaintiff under a statute intended for the benefit of outsiders who are unable to protect themselves from injury by dogs.” Id. at 490.
In this case, Files was acting as an employee of the Clinic when the dog bit her. Therefore, Files was acting as the “keeper” of the dog and cannot recover under the statute. Files does not have a reasonable expecta *352 tion of proving an essential element of her claim and the Defendants are entitled to summary judgment as a matter of law. Accordingly, the Defendants’ motion for summary judgment on Files’ G.L.c. 140, §155 is allowed.

II. Files’ Negligence Claim (Count II)

To recover under a theory of negligence, the plaintiff must show that the dog which bit her had “dangerous propensities which were known, or should have been known” to the defendants. Splaine v. Eastern Dog Club, Inc., 306 Mass. 381, 385 (1940).
In this case, subsequent to the bite of Files, Carr testified that Mr. Poirier told her that the dog had previously bitten another person at another facility. The Defendants never conveyed this information to the Clinic prior to the incident. This evidence in the record creates a question of material fact as to whether the Defendants knew of the dog’s dangerous propensities before the dog bit Files. Accordingly, summary judgment is inappropriate and the Defendants’ motion for summary judgment on Files’ negligence claim is denied.

ORDER

For the foregoing reasons, the Defendants’ Motion for Summary Judgment on the Plaintiffs G.L.c. 140, § 155 claim (Count I) is ALLOWED and on the Plaintiffs negligence claim (Count II) is DENIED.