Fremont-Smith, Thayer, J.

INTRODUCTION

The plaintiff, The CTI Group/Equipment Financing Group, Inc. (“CTI”), has filed suit against the defendants, Wave Graphics, Inc. (“Wave”) and Edward De-Stefano, Jr. (“DeStefano”), seeking damages for alleged breach of contract by Wave (Count I), breach of personal guaranty by Wave (Count II), and breach of personal guaranty by DeStefano (Count III), arising out of an equipment lease agreement between the parties. The plaintiff has moved for partial summary judgment as to Count III against DeStefano.

BACKGROUND

Pursuant to the summary judgment record, the undisputed material facts and the disputed facts viewed in the light most favorable to the non-moving party are as follows.
In 2002, Wave, through its President, DeStefano, executed a lease with CTI for four pieces of printing equipment. The lease obligated Wave to pay $107,483.04 in forty-eight equal monthly installments beginning of June 3, 2002. Default is defined in the lease as the failure of Wave to pay any installment of rent which continues for a period of ten days. Upon a default by Wave, the lease entitles CTI to declare all sums due and to become immediately due and payable.
In conjunction with the lease with CTI, DeStefano, individually and in his capacity as President of Wave, executed a written guaranty in which he, as individual guarantor, unconditionally guaranteed that Wave would fully and promptly pay and perform all of its obligations. DeStefano also guaranteed to pay all sums due on demand due to any default by Wave or himself, and to pay and be bound by any deficiency established by the sale of security held. CTI perfected its security interest in the lease agreement by filing a UCC Financing Statement with the Secretary of the Commonwealth of Massachusetts on February 26, 2002.
Wave made its last payment under the lease on December 2, 2003 and is in default, with an unpaid deficiency balance.

DISCUSSION

Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Count III — Personal Guaranty of DeStefano
A personal guaranty imposes collateral liability upon the guarantor for the obligations of the principal. Shawmut Bank, N.A. v. Wayman, 34 Mass.App.Ct, 20, 23-24 (1993). “When one guarantees the contract of another, the guarantor is bound by the terms of the contract guaranteed.” The Merchants Nat’l Bank v. Stone, 296 Mass. 243, 252 (1936).
*717 Here, DeStefano executed a personal guaranty of the lease entered into by Wave. As such, where Wave failed to honor the terms of the lease and make its required payments after December 2, 2003, DeStefano became personally and collaterally liable to pay on demand all sums due as a result of the default of Wave.
DeStefano argues that CTI breached its duty of good faith and fair dealing to him, and failed to act in a commercially reasonable manner, in regards to its disposition of the equipment that was subject of the lease. He alleges that their actions caused or contributed to the deficiency amount he would be liable for. However, any of these alleged actions occurred after the default by Wave, whereby DeStefano became liable under the personal guaranty. Any issues as to the disposition of the equipment by CTI may be resolved in assessing damages.

ORDER

Accordingly, plaintiffs Motion for Partial Summary Judgment against DeStefano is ALLOWED. As Wave is in default, and damages in the amount of $82,607.65 were assessed against it on May 2, 2007, the court will schedule a final pre-trial conference with respect to a trial on damages against DeStefano.