Tucker, Richard T., J.
This is an action brought by Central Mutual Insurance Company (“Central Mutual”) for a declaratory judgment regarding the availability of coverage under the terms of a general liability policy issued to True Plastics, Inc. (“True Plastics”) for personal injuries sustained by Marciala Sanchez (“Sanchez”) in October of2004, as alleged in the civil matter captioned Marciala Sanchez v. True Plastics, Inc., Worcester Superior Court, Civil Action Number 2005-0899. Central Mutual and True Plastics now cross move for summary judgment. After hearing, and for the reasons set forth below, the cross motions are DENIED.
BACKGROUND
The undisputed facts, as revealed by the summary judgment record, are as follows. In October of 2004, Sanchez was injured while working as a machine operator on the premises of True Plastics. At the time, Sanchez was an employee of Dynamic Staffing, Inc. (“Dynamic”), a company in the business of placing its employees at client companies in order to support the work forces of those companies. Sanchez was one such employee and was placed by Dynamic at True Plastics.
Dynamic was responsible for paying Sanchez and withholding taxes from her paycheck. The agreement between Dynamic and True Plastics also made Dynamic responsible for all workers’ compensation claims made by a worker Dynamic supplied to the client company arising out of an accident at the client company. Dynamic retained the right to hire, place, terminate and discipline workers like Sanchez; once a worker began work at a client company, however, that company — not Dynamic— had the right to control work performed there. Dynamic paid Sanchez for her work at True Plastics and, in turn, Dynamic sent an invoice to True Plastics.
During the relevant time period, True Plastics had a general liability policy (the “Policy”) issued by Central Mutual. The Policy excludes coverage for a “leased worker” but provided coverage for a “temporary worker,” both of which terms the Policy specifically defines as follows.
“Leased worker” means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. “Leased worker” does not include “temporary worker.”
“Temporary worker” means a person who is furnished to you to substitute for a permanent “employee" on leave or to meet seasonal or short-term workload conditions.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of *15 Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving parly to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Both of the motions before the court focus on the same issue: whether Sanchez was a “leased” worker or a “temporary” worker, as defined by the Policy, at the time of her injuiy at True Plastics. The moving parties agree that (1) if Sanchez was a leased worker, there would be no coverage under the Policy; and (2) that if Sanchez was a temporary worker, there would be coverage. They disagree, however, on whether the facts support a conclusion that Sanchez was a leased worker or a temporary worker.
The summary judgment record reveals a genuine issue of material fact on this issue. Evidence supporting a conclusion that Sanchez was a leased worker includes the Affidavit of Michael Howe, Dynamic’s Recruiting Manager, which avers that Sanchez was assigned to True Plastics for an indefinite time, rather than for seasonal or short-term work; as well as evidence that the agreement between Dynamic Staffing and True Plastics suggests a leasing arrangement. The record, however, also contains evidence that Sanchez was a temporary worker. This includes testimony from David True of True Plastics that Sanchez was hired to fill a large, recently-received sprinkler order; was hired three days after True Plastics received this order; and was manufacturing sprinklers for that order at the time of her injuiy.
This contradictoiy evidence reveals that a question of fact exists as to whether Sanchez was a leased or temporary worker at the time of her injuiy. Such being the case, summary judgment is inappropriate. Keeping in mind that the underlying action brought by Sanchez against True Plastics is pending and will necessarily be impacted by the outcome of this matter, the court encourages the parties to expeditiously move this action toward trial.
ORDER
For the foregoing reasons, it is hereby ORDERED that Central Mutual Insurance Company’s motion for summary judgment be DENIED and True Plastics, Inc.’s cross motion for summary judgment be DENIED.